## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| Shilla Bakery, LLC<br>7039 Little River Turnpike<br>Annandale, Virginia 22003 ) ) ) ) | |
| **Plaintiff** ) | Case No. |
| v. ) ) | |
| Emilio Gonzales<br>Director<br>United States Citizenship and<br>Immigration Services<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529 ) ) ) ) ) ) ) | |
| F. Gerard Heinauer<br>Acting Director<br>Nebraska Service Center<br>United States Citizenship and<br>Immigration Services<br>805 S Street<br>Lincoln, NE 68508 ) ) ) ) ) ) ) ) | |
| **Defendants** ) | |

*BRAVERMAN & LIN, P.C.*

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Shilla Bakery, LLC, Plaintiff in the above-styled case, by and through counsel, and for cause of action would show unto the Court the following:

1.    This action is brought against the Defendants for their erroneous decision regarding the Plaintiff's I-140 immigrant visa petition on behalf of Young Bo Na. The Defendants have improperly denied the petition to Plaintiff's detriment.

### PARTIES, JURISDICTION, AND VENUE

2.    Plaintiff is a limited liability partnership formed in the Commonwealth of Virginia.

3.    Defendant Emilio Gonzales is the official in charge of the United States Citizenship and Immigration Services (hereinafter "USCIS").

4.    Defendant Gerald Heinauer is the Director of Nebraska Service Center, USCIS.  As will be shown below, Defendant Service Center Director is the official with whom Plaintiff's visa petition was properly filed and wrongfully denied.

5.    Jurisdiction in this case is proper under 28 U.S.C. §1331 ("the district courts shall have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States"); 5 U.S.C §702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof").

6.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities and brought in the district where a Defendant resides.  The USCIS Headquarter is located in the District of Columbia.

7.    No viable administrative remedy is available to Plaintiff in this matter.  Defendant Gerard Heinauer stated in his denial of Plaintiff's visa petition that there is no appeal from his decision pursuant to 8 CFR 103(f)(3)(E)(iii).  (**Exhibit 1**)

CAUSE OF ACTION

8.    Shilla Bakery was established in May 1999 in Annandale, Virginia and currently operates six (6) locations in Washington DC metropolitan area.

9.    The beneficiary of the I-140 visa petition, Young Bo Na, (hereinafter "the beneficiary") is a native and citizen of Korea.  He had twelve (12) years of experience as a baker before coming to the United States.

10.     On October 12, 1999, Plaintiff filed an ETA-750, Application for Alien Labor Certification (hereinafter the "labor certification application") on behalf of the beneficiary.

11.     The labor certification application was certified by the U.S. Department of Labor on December 30, 1999. (**Exhibit 2**)

12.     On February 22, 2000 an I-140 Immigrant Petition for Alien Worker was filed by the Plaintiff on behalf of the beneficiary.

13.     On August 23, 2000 the USCIS issued a request for additional evidence requesting proof of the employer's ability to pay the proffered wage. The Plaintiff's counsel at that time submitted a response but the case was denied on the ground that the Plaintiff lacked the ability to pay the proffered wage.

14.     Plaintiff retained a second counsel to file an appeal with the Administrative Appeal Office ("AAO") and the appeal was sustained on March 25, 2002. (**Exhibit 3**)     The I-140 was subsequently approved.

15.     On May 10, 2004, the USCIS issued a notice of intent to revoke the approved I-140 visa petition. (**Exhibit 4**)  This intent to revoke was based on the first counsel, i.e. Steven Y. Lee and/or Jordan N. Baker's conviction of criminal counts of money laundering and/or conspiracy to commit immigration fraud.

16.     On July 15, 2005, the USCIS issued a decision revoking the approval of the I-140 petition, alleging the following: the notarized signature submitted for the Plaintiff bears little resemblance to the signature on the original labor certification; the Plaintiff failed to submit a notarized statement from the beneficiary and a new ETA-750 Part B completed and signed by the beneficiary to provide corroborating documentation of the information initially supplied or evidence of the beneficiary's own signature; the Plaintiff failed to submit evidence of wages paid to the beneficiary from his

former jobs in Korea to verify his experience; and the evidence does not establish that the petitioner had the ability to pay the proffered wage. (**Exhibit 5**)

17.     In the decision revoking the I-140 petition, the USCIS also noted that the labor certification application was invalidated pursuant to 20 CFR 656.30(d) as it has been determined by the USCIS that the application was obtained by the use of fraud or willful misrepresentation.

18.     Subsequent to the USCIS' notice of revocation of the I-140 petition, the Plaintiff's prior counsel attempted to timely file an appeal to the AAO.  However, the notice of appeal and supporting documents were sent to the wrong office, i.e. AAO office in Washington DC instead of the appropriate office at the Nebraska Service Center. (**Exhibit 6**)

19.     A fourth counsel was retained to represent the Plaintiff, the beneficiary and his family.  On January 18, 2006 the fourth counsel filed a Motion to Reopen/Reconsider with the USCIS.  The Motion was denied because the counsel did not submit a form G-28 to enter his appearance as the attorney of record.  (**Exhibit 7**)

20.     On May 26, 2006, the Plaintiff, through the undersigned counsel, filed a Motion to Reopen and Reconsider the revocation of the I-140 petition, under the authority of 8 CFR 103.5(a) which states that failure to file a motion to reopen or reconsider within thirty (30) days of the decision that the motion seeks to reopen may be excused in the discretion of the USCIS "where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner." (**Exhibit 8**)

21.     On May 26, 2006, in addition to filing the Motion to Reopen and Reconsider, Plaintiff also filed a new I-140 petition on behalf of the beneficiary. (**Exhibit 9**)

22.     Submitted with both the Motion and the new I-140 petition were a complete set of all documents requested in the notice of intent to revoke the previous I-140 visa petition, along with

documents to address the USCIS' concern set forth in the notice of revocation of the previous I-140 petition.

23.    On July 28, 2006, the Defendants denied the May 26, 2006 I-140 visa petition on the grounds that the underlying labor certification has been invalidated by the USCIS and that the regulations contain no provisions for the reversal of a decision to invalidate a labor certification. **(Exhibit 1)**

24.    On the same day (July 28, 2006), the Defendants denied the Motion to Reopen and Reconsider stating that the Motion was filed untimely, that the labor certification supporting the petition has already been invalidated, and that the regulations contain no provisions for the reversal of a decision to invalidate a labor certification or to revalidate a labor certification. **(Exhibit 10)**

25.    While the Plaintiff presented ample evidence to overcome the fraud allegation, the Defendants did not consider the evidence and the merits of the petition but denied the petition on the grouns that the labor certification has been invalidated and the regulations do not provide authority for the reversal of the invalidation.

26.    The action undertaken by the Defendants essentially amounts to a violation of due process, in that the Defendants invalidated the labor certification in error, but refused to review their decision on the grounds that the regulations contain no provisions for the reversal of a decision to invalidate a labor certification or to revalidate a labor certification.    Under the Defendants' reasoning, the agency will not reconsider its decision to invalidate a labor certification under 20 C.F.R. 656.30 despite the fact the decision was entered in error and that evidence exists to prove that no fraud or misrepresentation committed.    This is clearly injustice and a violation of due process.

27.    The Defendants denied Plaintiff the right to appeal the decision by citing 8 CFR 103.1(f)(3)(E)(iii), which states that the Associate Commissioner for Examinations does not have

appellate jurisdiction when the denial of an I-140 visa petition is based upon lack of a labor certification.  (**Exhibit 1**)

28.    8 CFR 103.1(f)(3)(E)(iii), however, no longer exists in the Code of Federal Regulations. The Defendants had cited an invalid section of the Code to deny the Plaintiff of due process.

REQUEST FOR RELIEF

29.    WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendants be cited to appear herein and that, upon due consideration, the Honorable Court enter an order:

a.    reversing the Defendants' decisions on both the I-140 petitions and Motion to Reopen;

b.    reversing the invalidation of the labor certification application;

c.    approving the I-140 petitions;

d.    awarding Plaintiff reasonable attorney's fees and costs in this action, pursuant to the Equal Access to Justice Act; and

e.    granting such other relief at law and in equity as justice may require.

Respectfully Submitted,

Michael W. Lin, Esq.
BRAVERMAN & LIN, P.C.
4001 North Ninth Street, Suite 222
Arlington, Virginia 22203
Telephone: (703) 243-1474 Ext. 585
Fax: (703) 243-1494
DC Bar Number 485135

*Counsel for Plaintiff*

BRAVERMAN & LIN, P.C.

# EXHIBIT INDEX

Page

**Exhibit 1:**     Decision of the USCIS, dated July 28, 2006, denying the
Plaintiff's I-140 visa petition on the grounds that the underlying
labor certification has been invalidated by the USCIS and that the
regulations contain no provisions for the reversal of a decision to
invalidate a labor certification ................................................1

**Exhibit 2:**     Final Determination from the Department of Labor showing
that the labor certification was certified on December 30, 1999 ..........4

**Exhibit 3:**     Decision of the Administrative Appeal Office sustaining the
Plaintiff's appeal on the USCIS' denial of the I-140 petition
filed on February 22, 2000 ....................................................6

**Exhibit 4:**     The USCIS' notice of intent to revoke the approved I-140
visa petition .................................................................9

**Exhibit 5:**     Decision of the USCIS revoking the approval of the I-140 petition .......13

**Exhibit 6:**     Express mail label showing that the notice of appeal was sent
by prior counsel to the wrong office, i.e. AAO office in
Washington DC instead of the appropriate office at the
Nebraska Service Center .....................................................17

**Exhibit 7:**     The USCIS' denial of the Motion to Reopen filed by Plaintiff's
prior counsel because the counsel did not submit a form G-28
to enter his appearance as the attorney of record ...........................20

**Exhibit 8:**     Motion to Reopen and Reconsider filed on May 26, 2006 by
Plaintiff through his present counsel .........................................23

**Exhibit 9:**     Copy of the second I-140 visa petition filed on May 26, 2006 .............29

**Exhibit 10:**   The USCIS' denial of the May 26, 2006 Motion to Reopen and
Reconsider ..................................................................39

# EXHIBIT 1

.S. Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521

JUL 2 8 2006



U.S. Citizenship
and Immigration
Services

Refer to File Number:
SRC0618653192   A98226127

SHILLA BAKERY LLC
C/O MICHAEL W LIN
BRAVERMAN & LIN PC
4001 NORTH 9TH STREET SUITE 222
ARLINGTON VA 22203

Dear Sir or Madam:

Case Type:   Form I-140, Immigrant Petition for Alien Worker
Beneficiary: Young Bo NA

## DECISION

This refers to your Immigrant Petition for Alien Worker.

Title 8, Code of Regulations, Part 204.5(l)(3)(i) states:

Every petition under this classification must be accompanied by an individual labor certification from the Department of Labor, by an application for Schedule A designation, or by documentation to establish that the alien qualifies for one of the shortage occupations in the Department of Labor's Labor Market Information Pilot Program . . .

Title 8, Code of Federal Regulations, Part 103.1(f)(3)(E)(iii) states:

Appellate Authorities.  In addition, the Associate Commissioner for Examinations exercises appellate jurisdiction over decisions on:

(B)      Petitions for immigrant visa classification based on employment or as a special immigrant or entrepreneur under sections 204.5 and 204.6 of this chapter except when the denial of the petition is based upon lack of a certification by the Secretary of Labor under section 212(a)(5)(A) of the Act;

In this petition, you are requesting to use a labor certification which was initially used in conjunction with EAC-00-107-51530, filed on behalf of this same beneficiary.  That petition was revoked due to fraud as of September 9, 2004.  At that time, the labor certification in question was invalidated.  As such, the Form ETA-750 is no longer certified and may not be used as the basis for an immigrant petition.

In this filing, you request that the Service "reverse the invalidation of the labor certification."  However, Title 20, Code of Federal Regulations, Part 656 governing Department of Labor and labor certifications contains no

SHILLA BAKERY LLC
Page 2

provision for the reversal of a decision to invalidate a labor certification or to revalidate a labor certification. As such, the Service has no authority to reverse the invalidation, and this petition is not supported by a certification by the Secretary of Labor.

Your petition was submitted without a certification of the Secretary of Labor. The beneficiary is not qualified for an occupation currently listed in Schedule A and the Department of labor has not instituted a Labor Market Information Pilot Program. Thus, the petition is hereby denied. There is no appeal from this decision, pursuant to Title 8, Code of Federal Regulations, Part 103.1(f)(3)(E)(iii).

This denial is due to the lack of a labor certification. There may be other deficiencies that have not been addressed that will require the submission of additional evidence. Therefore, the submission of the labor certification may not render the petition approvable.

Sincerely,

F. Gerard Heinauer
Acting Director

NSC/KFN001

AUG 0 3 2006

3

# EXHIBIT 2

4

# DEPARTMENT OF LABOR
## EMPLOYMENT AND TRAINING ADMINISTRATION
### P.O. Box 8796
### Philadelphia, Pennsylvania 19101

---

### FINAL DETERMINATION

P1999-VA-03327002

December 30, 1999

In reply refer to:  MTD

<u>YOUNG NA</u>
Alien's name

<u>Baker</u>
Alien's Occupation

SHILLA BAKERY, LLC
Steven Lee
c/o Steven Y. Lee, Attorney at Law
3251 Old Lee Highway  Ste 516
Fairfax, VA  22030

<u>October 12, 1999</u>
Date of acceptance for processing

The Department of Labor has made a determination on your Application for Employment Certification pursuant to Title 20, Code of Federal Regulations, Part 656 and as required by the Immigration and Nationality Act, as amended.

<u>Form ETA 750 has been certified and is enclosed</u>. This certification must be attached to the I-140 petition and filed with the Immigration and Naturalization Service, U.S. Department of Justice, Eastern Service Center, 75 Lower Welden Street, St. Albans, Vermont 05479-0001.

Sincerely,

Richard E. Panati
Certifying Officer

---

cc:    State ES Agency - Virginia
       SHILLA BAKERY, LLC
       YOUNG NA

Attachments:  ETA 750A, ETA 750B

ETA 7145PA(REV.MAR.,1990)

5

# EXHIBIT 3

Page 2

EAC 00 107 51530

**DISCUSSION:**    The preference visa petition was denied by the Director, Vermont Service Center.    In response to a subsequent motion to reconsider, the director affirmed his decision to deny the petition.    The matter is now before the Associate Commissioner for Examinations on appeal.    The appeal will be sustained.

The petitioner is a bakery.    It seeks to employ the beneficiary permanently in the United States as a baker.    As required by statute, the petition is accompanied by an individual labor certification approved by the Department of Labor.    The director determined that the petitioner had not established that it had the financial ability to pay the beneficiary the proffered wage as of the filing date of the visa petition.

On appeal, counsel submits a brief and additional evidence.

Section 203(b)(3)(A)(i) of the Immigration and Nationality Act (the Act), 8 U.S.C. 1153(b)(3)(A)(i), provides for the granting of preference classification to qualified immigrants who are capable, at the time of petitioning for classification under this paragraph, of performing skilled labor (requiring at least two years training or experience), not of a temporary or seasonal nature, for which qualified workers are not available in the United States.

8 C.F.R. 204.5(g)(2) states in pertinent part:

> *Ability of prospective employer to pay wage.*    Any petition filed by or for an employment-based immigrant which requires an offer of employment must be accompanied by evidence that the prospective United States employer has the ability to pay the proffered wage.    The petitioner must demonstrate this ability at the time the priority date is established and continuing until the beneficiary obtains lawful permanent residence. Evidence of this ability shall be either in the form of copies of annual reports, federal tax returns, or audited financial statements.

Eligibility in this matter hinges on the petitioner's ability to pay the wage offered as of the petition's filing date, which is the date the request for labor certification was accepted for processing by any office within the employment system of the Department of Labor. <u>Matter of Wing's Tea House</u>, 16 I&N Dec. 158 (Act. Reg. Comm. 1977).    Here, the petition's filing date is October 12, 1999.    The beneficiary's salary as stated on the labor certification is $11.47 per hour or $23,857.60 per annum.

7

Counsel submitted copies of the beneficiary bank statements for the period from October of 1999 to January of 2001, and a copy of the petitioner's 1999 Form 1040 U.S. Individual Income Tax Return. The Form 1040 reflected an adjusted gross income of $34,567. Schedule C reflected gross receipts of $262,043; gross profit of $115,552; depreciation of $20,514; wages of $0; and a net profit of $37,154.

The director determined that the documentation was insufficient to establish that the petitioner had the ability to pay the proffered wage and denied the petition accordingly. The director noted that "[e]vidence submitted indicates a 1999 business income of $37,154.00 with which the petitioner claims to support five people. The claimed monthly expenses total $27,420.00 for the year of 1999. This would leave $9,734.00 with which to pay the proffered wage."

On appeal, counsel states:

> We are submitting evidence which clearly demonstrates that the alien beneficiary worked at the bakery during the time the deposits were made into the beneficiary's account. It can be deduced from these evidence that, if the alien beneficiary had indeed worked for the bakery as shown by the various supply order receipts submitted herein, he was likely paid a wage for that work also, for no one works without being paid a fair wage. We believe that such a claim is established by exhibits attached hereto.

In an unincorporated association or sole proprietorship, the assets and income of the owner can be considered in determining the petitioning business' ability to pay the wages offered. In this case, a review of the federal income tax shows that when one adds the adjusted gross income and the depreciation, the result is $55,081. This amount is more than enough to pay the wage of the beneficiary and to meet the yearly expenses of the petitioner and his family.

Accordingly, after a review of the federal tax return, it is concluded that the petitioner has established that it had sufficient available funds to pay the salary offered at the time of filing of the petition and continuing to present.

The burden of proof in these proceedings rests solely with the petitioner. Section 291 of the Act, 8 U.S.C. 1361. The petitioner has met that burden.

ORDER:    The appeal is sustained.

8

# EXHIBIT 4

9

 

**U.S. Department of Homeland Security**
Citizenship and Immigration Services

*Nebraska Service Center*
*P.O. Box 82521*
*Lincoln, NE  68501-2521*

**MAY 1 0 2004**

Refer to File Number:
EAC00 107 51530   BL

SHILLA BAKERY LLC
C/O DUSIC KWAK ESQ
7003 EVERGREEN COURT #B
ANNANDALE VA 22003

## <u>NOTICE OF INTENT TO REVOKE</u>

Dear Sir or Madam:

Pending before the Citizenship and Immigration Services is a Form I-140 (Immigrant Petition for Alien Worker), seeking to classify Young B. NA as an immigrant under Section 203(b)(3)(A)(i) of the Immigration and Nationality Act, as amended.

The Service notes that Steven Y. Lee and/or Jordan N. Baker of Lee, Baker & Warren PLLC were the attorneys of record in this visa petition.  On October 22, 2003, Mr. Lee pled guilty to criminal counts of money laundering and conspiracy to commit immigration fraud, and Mr. Baker pled guilty to conspiracy to commit immigration fraud.  Messrs. Baker and Lee both consented to the revocation of their licenses to practice law in Virginia on October 24, 2003.

This conspiracy, by the persons and/or firm named above, involved the submission of fraudulent Forms ETA-750 (Application for Alien Employment Certification) and fraudulent Forms I-140.  It appears that in many cases, the aliens named on the Forms ETA-750 and I-140 were fictitious, or that the petitioner may not have intended to hire the beneficiary named on the form(s).

Due to the nature of the fraud perpetrated by the persons and/or firm named above, the Service has determined that it must scrutinize all immigrant worker visa petitions filed with the Service wherein the persons and/or firms appeared as the attorneys or firm of record.

In order to be properly filed, a Form I-140 for a skilled worker must be filed by the intending employer and must generally be accompanied by a valid labor certification from the U.S. Department of Labor (DOL), Title 8, Code of Federal Regulations, Section 204.5.

The nature of the fraud committed by the above named persons and/or firm calls into question whether the person who signed the Form ETA-750 and/or I-140 was an authorized representative of the prospective employer.  In addition, the nature of the fraud calls into question whether the person or entity named as the prospective employer ever intended to employ the beneficiary named on either form.  For this reason, it is the intent of the Service to revoke this petition.

*10*

NA, Young B.        Page 2    EAC00 107 51530

This petition will be revoked unless the petitioner submits to the Service a statement, accompanied by documentary evidence, establishing that the petitioner did, in fact, retain either or both Messrs. Baker and Lee or their firm in order to obtain a *bona fide* labor certificate, relating to a *bona fide* job offer, and to file a *bona fide* immigrant worker petition so that the beneficiary could immigrate based on that *bona fide* job offer. The statement must come from a Chief Executive Officer, President, owner, or other responsible officer or employee of the petitioner. The document must be notarized. The signer must declare in writing, under penalty of perjury under United States law, that the statement is true. The statement must identify the signer's name and position, and must specify that:

1. The person or entity named as the petitioner on Form I-140 intended to employ the beneficiary named on Form I-140 and/or ETA-750 filed with the United States Government. If the petitioner did not intend to hire the beneficiary at the time it filed Form I-140, the petitioner must specify whether it intended to hire the beneficiary at the time the Form ETA-750 was filed with the United States Government.

2. The petitioner retained Messrs. Baker and/or Lee, their firm, or one of their associates, to file a Form I-140 and/or ETA-750 on behalf of the beneficiary.

3. The person whose signature appears on Form I-140 and/or ETA-750 is an officer or other person authorized to sign a document on behalf of the employer.

4. The signature is genuine.

Forms I-140 bears a signature that purports to be that of Ji Hee Yu who is identified as the petitioner's General Manager. Form ETA-750 allegedly bears the signature of Song Hun Yu who is identified as the petitioner's "Owner/President". If these people are actually officers or employees of the petitioner, the petitioner shall submit five (5) documents (or photocopies thereof) for Ji Hee Yu and for Song Hun Yu that contain their signatures.

Submit a notarized statement indicating whether there is a familial relationship between an officer of the petitioning entity and the beneficiary. If yes, please explain.

In addition, the petitioner must provide the following evidence:

- In the case new legal representation has been retained, include a new Form G-28, Notice of Entry of Appearance as Attorney or Representative.
- State the physical address of the petitioner and the physical address of the beneficiary's intended employment (if different from the petitioner's address).
- Submit a copy of the current lease or deed for the petitioner's facilities. If different, also submit the lease or deed for the facility where the beneficiary would work.
- Submit current, actual photographs of the inside and outside of all relevant facilities. (It is noted that the record contains copied photographs from an unspecified time).
- Furnish a photocopy of a current phone directory page that contains the listing for the petitioning entity.
- Provide certified and complete copies of the U.S. petitioner's Articles of Incorporation or Articles of Organization and any other documents related to the legal formation of the entity.

*/ /*

NA, Young B.                          Page 3                          EAC00 107 51530

- Provide copies of the petitioner's US Federal Corporate Tax Return for the years 1999-2003. (It is noted for the record that the 1999 return was included at filing; however, please submit all five returns).
- Provide evidence that the US company continues to conduct business; such evidence must include but is not limited to current quarterly sales tax reports, invoices and receipts, quarterly unemployment insurance records, bank statements, etc.
- Provide an organizational chart for the US petitioner including names of all employees, their positions and a detailed description of each worker's duties.
- Provide certified copies of W-2 statements for each worker on the chart for each year each individual was employed by the petitioner.
- Provide copies of the "Employer's Quarterly Federal Tax Form" (IRS Form-941) and "State Unemployment Compensation Report Form" (or comparable form for your state) from the date the labor certification was filed through the present.
- Provide a very detailed description of the beneficiary's proposed position.
- Provide the beneficiary's current physical residential address in the US. Provide also the beneficiary's physical residential address abroad. How has he supported himself since his arrival in the US in 1999?
- Provide notarized statements from previous employers attesting to any experience requirements of the labor certification. Letters must include exact dates of employment, titles and duties. Provide evidence of wages paid by this former employer.
- Provide evidence that the beneficiary meets any and all educational requirements listed on the labor certification; include diplomas and full transcripts when applicable.
- Provide a notarized statement from the beneficiary that the information listed on the ETA-750, Part B is correct. Update Part B to reflect experience gained since the ETA-750 was filed.
- Indicate how many Labor Certification applications the petitioner has filed. Indicate how many of these individuals are still employed and provide a list of these employees including ones currently and no longer working for the petitioner (as noted above, provide copies of their W-2's).

The petitioner is afforded thirty (30) days from the date of this notice to submit additional information, evidence or arguments to support the petition. Please note that the petitioner must place this letter (or a photocopy thereof) on top of any response to this intent to revoke, to ensure proper handling.

Failure to respond will result in the revocation of this petition.

Sincerely,

*Terry E Way*

Terry E. Way
Director
NSC/RSS 807 RSS807

# EXHIBIT 5



U.S. Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521

**U.S. Citizenship
and Immigration
Services**

JUL 1 5 2005

Refer to File Number:
EAC0010751530  A98226127

SHILLA BAKERY LLC
C/O HUGO PEREZ ESQ
4304 B EVERGREEN LN STE 102
ANNANDALE VA 22003

Dear Sir or Madam:

Case Type:  Form I-140, Immigrant Petition for Alien Worker
Beneficiary: Young B. NA

## DECISION

On May 10, 2004, the petitioner was notified of the Service's intent to revoke the petition filed on behalf of the beneficiary on February 22, 2000. The notice was based on the fact that the initial attorney of record in this visa petition proceeding was Steven Y. Lee and/or Jordan N. Baker of Lee, Baker & Warren PLLC. As noted in the previous Service correspondence, on October 22, 2003, Mr. Lee pled guilty to conspiracy to commit immigration fraud. Messrs. Baker and Lee both consented to the revocation of their licenses to practice law in Virginia on October 24, 2003.

This conspiracy, by the persons and/or firm named above, involved the submission of fraudulent Forms ETA-750 (Application for Employment Certification) and fraudulent Forms I-140 were fictitious, or that the petitioner may not have intended to hire the beneficiary named on the form(s).

The petitioner was advised of the above, and informed that the petition would be revoked unless the petitioner submitted a statement, accompanied by documentary evidence, establishing that the petitioner did, in fact, retain either or both Messrs. Baker and Lee or their firm in order to obtain a *bona fide* labor certificate, relating to a *bona fide* job offer.

The petitioner was provided with a detailed list of documentation to be submitted, which will not be reiterated here, as it is already part of the record.

The documentation submitted in response casts doubts about the validity of the documentation as originally submitted and of the existence and location of the claimed position.

First, the original Form I-140 was signed by Ji Hee Yu, while the original labor certification was signed by Song Hun Yu. In response to the Service's intent, the petitioner submitted notarized statements from Ji Hee Yu and

www.uscis.gov

14

SHILLA BAKERY LLC
Page 2

Song Hun Yu along with other relevant examples of the signatures of Ji Hee Yu and Song Hun Yu. The notarized signature submitted for Song Hun Yu bears little resemblance to the signature used on the original labor certification. Further, the petitioner failed to submit a notarized statement from the beneficiary and a new ETA-750 Part B completed and signed by the beneficiary as specifically requested in the intent, therefore failing to provide corroborating documentation of the information initially supplied or evidence of the beneficiary's own signature.

Further, the Service requested new statements from former employers verifying the beneficiary's work experience to meet the requirements of the labor certification, along with evidence of wages paid to verify the claimed experience. The petitioner simply resubmitted the same statements as with the initial petition and failed to submit any evidence of wages paid, calling into question whether the beneficiary actually obtained the claimed work experience prior to the filing of the labor certification.

The above deficiencies cast doubt on the validity of a *bona fide* job offer.

In addition to the above, the evidence does not clearly establish that the petitioner had the ability to the proffered wage at the time the labor certification was filed or had a continuing ability to pay such wage.

Title 8, Code of Federal Regulations, part 204.5(g)(2) states:

> Any petition filed by or for an employment-based immigrant which requires an offer of employment must be accompanied by evidence that the prospective United States employer has the ability to pay the proffered wage. The petitioner must demonstrate this ability at the time the priority date is established and continuing until the beneficiary obtains lawful permanent residence. Evidence of this ability shall be either in the form of copies of annual reports, federal tax returns, or audited financial statements. In a case where the prospective United States employer employs 100 or more workers, the director may accept a statement from a financial officer of the organization that establishes the prospective employer's ability to pay the proffered wage. In appropriate cases, additional evidence, such as profit/loss statements, bank account records, or personnel records, may be submitted by the petitioner or requested by the Service.

The labor certification was filed on October 12, 1999, and lists a proffered wage of $11.47 per hour, or $23,857.60 per year. Therefore, the petitioner must establish the ability to pay the proffered wage as of October 12, 1999 and continuing through the present.

The petition was originally denied for lack of ability to pay the proffered wage, but was later overturned by the Administrative Appeals Unit (AAU), who based their decision by adding depreciation into net income and by using the assets of the owners, since the company was, at that time, a sole proprietorship. However, it appears that the AAU may have been unaware of the fact that the petitioning entity has filed additional Forms I-140, and unaware of the changes in the company. Specifically, the company is no longer a sole proprietorship as of 2000, and therefore the assets of the owners may not be taken into consideration, as the company is legally separate from its owner.

The Service's intent to deny asked for specific financial documentation, including the petitioner's tax returns for 1999 through 2003, along with documentation of wages paid to employees, such as W-2 forms and Employer's Quarterly Tax Returns from the time the labor certification was filed through the present.

SHILLA BAKERY LLC
Page 3

In response, the petitioner submitted tax returns for 1999 through 2002, and evidence that an extension has been requested for the filing of the 2003 return. The petitioner did submit the pertinent documents for employee wages. The petitioner also submitted several bank statements.

The tax returns submitted list net incomes of $59,087.00, $32,350.00 and $41,849.00 for 2000, 2001, and 2002, respectively. While this would be enough to cover the beneficiary's salary alone, Service electronic records show that the petitioner filed at least seven additional I-140 petitions between February 2000 and May 2002. Of these beneficiaries, the employee documents show that one began employment in 2002 and two began employment in 2003. None of the remaining beneficiaries, including the beneficiary of this petition, have ever worked for the petitioner, and it does not appear that the petitioner would have had the ability to pay the wages for all of the aliens for whom it petitioned during this time. The petitioner does claim that the beneficiary has been working for the entity "since the beginning," but there is no evidence to support this claim, and there is no evidence submitted in response to the request for evidence to verify any employment with the petitioning entity or the rate of pay during this time frame.

Therefore, it does not appear that the petitioner had the ability to pay the beneficiary's wage at the time the labor certification was filed or through at least 2002. Without tax returns, annual reports, or audited financial statements from 2003, the evidence does not clearly establish the ability to pay the proffered wage during that year, either.

The burden of proof in these proceedings rests solely with the petitioner. See Matter of Treasure Craft of California, 14 I&N Dec. 190. In this case the petitioner has not sustained that burden.

Therefore, the petition is hereby revoked and also the Application for Alien Employment Certification (ETA-750) is invalidated pursuant to 20 CFR §656.30(d), as it has been determined by the Service that the Application was obtained by the use of fraud or willful misrepresentation. In addition, the evidence fails to establish that the petitioner possessed the ability to pay the proffered wage at the time the labor certification was filed or continuing into the future. For this additional reason, the petition must be revoked.

**RIGHT TO APPEAL:** If you wish to appeal this decision, you may do so. Your Notice of Appeal to the Administrative Appeals Office (AAO), Form I-290B, must be filed with the Nebraska Service Center, P. O. Box 82521, Lincoln, NE 68501-2521. Your Form I-290B must be filed within 15 days from the date of this notice (18 days if this notice was received by mail) and be accompanied by a fee of $110.00 and a brief or other written statement in support of your appeal. If no appeal is filed within the time allowed, this decision is final. Do not send your appeal directly to the Administrative Appeals Office.

Sincerely,

Evelyn M. Upchurch
Acting Director

NSC/KFN001

Enclosure: Form I-290B

16

# EXHIBIT 6

**EXPRESS MAIL**

UNITED STATES POSTAL SERVICE®

Customer Copy
Label 11-B September 2002

Post Office To Addressee

**ORIGIN (POSTAL USE ONLY)**

PO ZIP Code   22003

Day of Delivery
☐ Next   ☐ Second

Flat Rate Envelope
☐          13.65

Date In
Mo. 8 Day 20

Time In
☐ AM   ☐ PM

Weight
lbs.   ozs.

No Delivery
☐ Weekend   ☐ Holiday

**DELIVERY (POSTAL USE ONLY)**

Delivery Attempt
Mo.   Day   Time   ☐ AM   ☐ PM

Delivery Attempt
Mo.   Day   Time   ☐ AM   ☐ PM

Delivery Date
Mo.   Day   Time   ☐ AM   ☐ PM

Employee Signature

Employee Signature

**FROM: (PLEASE PRINT)   PHONE (    )**

Young Bo Na
c/o Adam B. Lee
4326-B Evergreen Lane, Ste B
Annandale, VA 22003

**CUSTOMER USE ONLY**

**TO: (PLEASE PRINT)   PHONE (    )**

Administrative Appeals Unit
Immigration & Naturalization Svc.
425 EyeStreet, N.W.
Washington DC 20536

FOR PICKUP OR TRACKING CALL 1-800-222-1811
www.usps.com

18

U.S. Department of Justice
Immigration and Naturalization Service

Notice of Appeal to the
Administrative Appeals Unit (AAU)

---

**Important: See instructions on other side.**

Fee Stamp

In the Matter of:   Shilla Bakery LLC.
Beneficiary:  Young B. NA
Form I-140 Immigrant Petition for Alien
Worker

File Number:

EAC OO 107 51530

(BL)

---

1.  I am filing an appeal from the decision dated:

07/15/2005

---

**Person Filing Appeal**

SIGNATURE _____

Name _YoUNG Bo NA_____

Address _9249 LORTON VALLEY RD._
_____Number_____Street_____

_LORTON     VA    22079_
_____City_____State_____ZIP Code__

Date _8-14-2005_____

☐ I am an attorney or representative, and I
represent:

_Person and/or organization for whom you are appearing_

You must attach a Notice of Entry of Appearance
(Form G-28) if you are an attorney or representative
and did not submit such a form before.

---

2.  Please check the <u>one</u> block which applies:

☐ I am *not* submitting a separate brief or evidence.

☐ I *am* submitting a separate brief and/or evidence
with this form.

☒ I am sending a brief and/or evidence *to the AAU*
within 30 days.

☐ I need _____ days to submit a brief and/or
evidence to the AAU. *(May be granted only for
good cause shown. Explain in a separate letter.)*

---

3.  Briefly, state the reason(s) for this appeal:

Appeal is made to AAU for inappropriate and prejudiced decision made by Nebraska
Service Center dated on July 15, 2005.

We will submit all suportive evidences to AAU within 30 days from the date of this
appeal for proof.

Also, Nebraska Service Center is prejudiced for allowing the respondents to make an
appeal within 15 (18 days) ignoring 30 (33 days) to file an appeal.  Respondents were
directed to     submit the appeal directly to Nebraska Office rather than District of
Columbia Office.

---

Form I-290B (Rev. 01/04/91) N

19

# EXHIBIT 7

20

U.S. Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521

MAR 3 1 2006

 **U.S. Citizenship and Immigration Services**

Refer to File Number:
EAC0010751530 (I-140)   LIN0606951976 (Motion)   A98226127

FITZGERALD LEWIS ESQ
LAW OFFICES OF LEWIS AND ASSOCIATES
6066 LEESBURG PIKE FOURTH FLOOR
FALLS CHURCH VA 22041-2234

Dear Sir or Madam:

Case Type:  Form I-140, Immigrant Petition for Alien Worker
Beneficiary: Young Bo NA

## DECISION

Reference is made to your Motion filed on January 18, 2006.  You seek to reopen or reconsider the decision rendered by this Service on September 9, 2004, revoking an Immigrant Petition for Alien Worker (Form I-140) filed in behalf of Young Bo NA on February 22, 2000.  The initial revocation was issued on September 9, 2004 to an incorrect attorney and was reissued by the Service on July 15, 2005

Title 8, Code of Federal Regulations, Part 103.5(a)(1)(i) states, "Except where the Board has jurisdiction and as otherwise provided in part 242 of this chapter, when the affected party files a motion, the official having jurisdiction may, for proper cause shown, reopen the proceeding or reconsider the prior decision."  Title 8, Code of Federal Regulations, Part 103.3(a)(1)(iii)(B) defines "affected party" as "the person or entity with legal standing in a proceeding.  It does not include the beneficiary of a visa petition."

Title 8, Code of Federal Regulations, Part 103.5(a)(4) states, "A motion that does not meet applicable requirements shall be dismissed."

Review of the record indicates that you do not qualify as the affected party because you are not the petitioner. While you claim that the petitioner has retained your firm, the record lacks a completed Form G-28, Notice of Entry or Appearance as Attorney or Representative, signed by you and the petitioner.  As such, you cannot be recognized as counsel, and are therefore not an affected party.  In view of that the motion is dismissed.

Further, even if you were the affected party, the motion was filed six months after the reissued revocation notice.  Title 8, Code of Federal Regulations, part 103.5 states in pertinent part:

> Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before this period expires, may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner.

FITZGERALD LEWIS ESQ
Page 2

Your motion was received untimely and you have given no excusable reason for the delay. For this additional reason, your motion must be rejected.

The Service also notes that the documentation submitted does not overcome the reasons for revocation. However, since the motion will be otherwise dismissed, this will not be discussed further.

Finally, the Service notes that the labor certification supporting this petition has already been invalidated. As such, the petition is not supported by a valid labor certification and is not granted appellate rights. Further, Title 20, Code of Federal Regulations, Part 656 governing Department of Labor and labor certifications contains no provision for the reversal of a decision to invalidate a labor certification or to revalidate a labor certification.

Sincerely,

Gregory W. Christian
Acting Director

NSC/KFN001

22

# EXHIBIT 8

## US DEPARTMENT OF HOMELAND SECURITY
### NEBRASKA SERVICE CENTER
### 850 S STREET
### LINCOLN, NEBRASKA 68508

## MOTION TO REOPEN AND RECONSIDER

RE:           **I-140 VISA PETITION**
                   **EAC-00-107-51530**
**PETITIONER:**    **SHILLA BAKERY, LLC**
**BENEFICIARY:**    **NA, Young Bo**
**A NUMBER:**      **A98-226-127**

The Petitioner, Shilla Bakery, LLC, by and through undersigned counsel, hereby respectfully motions the Honorable District Director to reopen and reconsider the above-referenced visa petition. The petitioner filed an I-140 immigrant visa petition filed on behalf of Mr. Young Bo Na on or about February 22, 2000, which was subsequently approved. On July 15, 2005 the USCIS entered a decision revoking the approval of the petition on the ground of immigration fraud. The petitioner's then counsel, however, sent the Notice of Appeal to the wrong office. The petitioner subsequently retained another counsel to file a Motion to Reopen/Reconsider. That motion was denied because the counsel did not include form G-28 to enter his appearance as the attorney of record. Because of the exceptional circumstances resulted from the ineffective assistance of the petitioner received from his prior counsels, which is beyond the petitioner's control, the petitioner respectfully requests the USCIS to reopen and reconsider this case. The evidence enclosed herewith, in addition to those previously submitted, prove that the ETA-750 labor certification and I-140 immigrant visa petition are genuine, the job offer is bona fide, the petitioner has the financial resources to pay the proffered wage, and that the beneficiary has the necessary qualifications for the position.

## HISTORY OF THE CASE

Shilla Bakery was established in May 1999 in Annandale, Virginia. The up-scale bakery offers unique and distinguished Korean, Japanese and other Asian-based baked goods and has become a very popular establishment in the Asian community in Washington DC area. After seven year of operation, Shilla Bakery now has five (5) stores and is working on its sixth location.

The beneficiary, Mr. Young Bo Na, is a native and citizen of Korea. Prior to coming to the United States, Mr. Bo was the owner of Montblanc Bakery in Korea which offered Korean, Japanese and other Asian style baked goods and pastries. In addition, he worked as a Head Baker at Shilla Hotel, one of the largest and most well-known hotel in Korea, for more than four years.

On October 12, 1999, the petitioner filed an ETA-750, Application for Alien Labor Certification on behalf of the beneficiary, and the application was subsequently certified by the US Department of Labor. On February 22, 2000 an I-140 Immigrant Petition for Alien Worker was filed by the petitioner on behalf of the beneficiary. On August 23, 2000 the USCIS issued a request for additional evidence requesting proof of the employer's ability to pay the proffered wage. The petitioner's counsel at that time submitted a response and the case was denied. The petitioner retained a second counsel to file an appeal with the Administrative Appeal Office ("AAO") and the appeal was sustained on March 25, 2002. Thereafter, a third counsel was retained to file Forms I-485 Application for Adjustment of Status on behalf of the beneficiary and his family.

On May 10, 2004, the USCIS issued a notice of intent to revoke the approved I-140 visa petition. (**Exhibit 1**) This intent to revoke was based on the first counsel, i.e. Steven Y. Lee and/or Jordan N. Baker's conviction of criminal counts of money laundering and/or conspiracy to commit immigration fraud. On July 15, 2005, the USCIS issued a decision revoking the approval of the I-140 petition, alleging the following:

- the notarized signature submitted for Song Hun Yu bears little resemblance to the signature on the original labor certification;
- the petitioner failed to submit a notarized statement from the beneficiary and a new ETA-750 Part B completed and signed by the beneficiary, therefore failed to provide corroborating documentation of the information initially supplied or evidence of the beneficiary's own signature;
- the petitioner failed to submit evidence of wages paid to the beneficiary from his former job to verify his experience; and
- the evidence does not establish that the petitioner had the ability to pay the proffered wage.

**Subsequent to the USCIS' notice of revocation of the I-140 petition, the petitioner's then counsel filed an appeal to the AAO. However, the notice of appeal and supporting documents were sent to the wrong office (i.e. AAO office in Washington DC instead of the appropriate office at the Nebraska Service Center. <u>See</u> Exhibit 2).** The I-485 applications were subsequently denied and the beneficiary and his family were placed in removal proceedings before the U.S. Immigration Court in Arlington, Virginia.

**A fourth counsel was retained to represent the petitioner, the beneficiary and his family. On January 18, 2006 the counsel filed a Motion to Reopen/Reconsider with the USCIS. The Motion was denied because the counsel did not submit a form G-28 to enter his appearance as the attorney of record. [Exhibit 3]**

25

**RELIEF SOUGHT**

8 CFR Section 103.5 provides authority for the petitioner to file a motion to reopen or reconsider the decision of the Service within 30 days of the decision that the Motion seeks to reopen or reconsider, or thereafter if good causes exists.

8 CRF Section 103.5(a) provides, in pertinent part:

*Any motion to reconsider an action by the Service filed by an applicant or petitioner must be filed within 30 days of the decision that the motion seeks to reconsider. Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be filed within 30 days of the decision that the motion seeks to reopen, except that <u>failure to file before this period expires, may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or petitioner</u>.* (emphasis added)

Because of the exceptional circumstances resulted from the ineffective assistance of the petitioner received from his prior counsels, which is beyond the petitioner's control, the petitioner respectfully requests the USCIS to reopen and reconsider this case. As stated by the enclosed notarized statements by the petitioner and beneficiary, the ETA-750 application and I-140 petition are genuine and contain no misrepresentation. It is unfortunate that a lawyer whom they entrusted to represent them was later convicted of criminal acts; however, these criminal acts are unrelated to their case, and fairness and justice requires that innocent people not to be punished for their counsel's wrongdoings or incompetence.

Moreover, the beneficiary has been employed by the petitioner since the establishment of the business and he specializes in most of the offerings at the bakery. As the main baker for Shilla Bakery, the beneficiary is responsible for the overall production of the bakery's offerings. It will be virtually impossible for the petitioner to remain in business without the continuous services of the beneficiary. In addition, the beneficiary, his wife and two children have established their life in the United States and severed their ties with Korea. Both the petitioner and beneficiary will suffer extreme hardship if the beneficiary is removed from the United States.

Based on the reasons set forth above, the petitioner respectfully requests your office to reopen this case and reverse the revocation of the I-140 petition. The evidence enclosed herewith, in addition to those previously submitted, prove that the ETA-750 labor certification and I-140 immigrant visa petition are genuine, the job offer is bona fide, the petitioner has the ability to pay the proffered wage, and that the beneficiary has the necessary qualifications for the position.

**<u>Request to reverse the invalidation of the labor certification</u>**

The USCIS noted in the I-140 revocation notice that "the Application for Alien Employment Certification (ETA-750) is invalidated pursuant to 20 CFR §656.30(d), as it has been determined

3

26

by the Service that the Application was obtained by the use of fraud or willful misrepresentation." As shown by the evidence enclosed herewith, a portion of which have been previously submitted to the USCIS, there was no fraud or misrepresentation involved in the filing of the ETA-750 application and the I-140 petition. The ample evidence presenting to the USCIS in this case is sufficient to overcome the allegation of fraud or misrepresentation. The petitioner, therefore, respectfully requests the USCIS to reverse the invalidation of the labor certification.

## INFORMATION REQUESTED IN THE NOTICE OF INTENT TO REVOKE THE PREVIOUS I-140 PETITION (EAC-00-107-51530)

1. Notarized statements from the petitioner (**Exhibit 4**);
2. Sample signatures of Ji Hee Yu who signed the I-140 petition (**Exhibit 5**);
3. Sample signature of Song Hun Yu who signed the ETA-750 application (**Exhibit 6**);
4. Physical address of the petitioner: 7039 Little River Turnpike, Annandale, VA 22003.
   Physical address of the beneficiary's intended employment: 7039 Little River Turnpike, Annandale, VA 22003;
5. Copy of a current lease of the petitioner's facilities (**Exhibit 7**);
6. Current photographs of the inside and outside of the petitioner's facilities (**Exhibit 8**);
7. Phone directory page that contains the listing for the petitioner entity (**Exhibit 9**);
8. Copy of the petitioner's Articles of Organization (**Exhibit 10**);
9. Copies of the petitioner's US federal Corporate Tax Return for 1999-2005 (**Exhibit 11**);
10. Evidence to show that the petitioner continues to conduct business, including current sales tax reports, invoices and receipts, and bank statements (**Exhibit 12**);
11. Organization chart for the petitioner, including names of employees, their positions, and a detailed description of each worker's duties (**Exhibit 13**);
12. Copies of W-2 forms for each worker on the chart for each year each individual was employed by the petitioner, along with a certification from the petitioner's Certified Public Accountant (**Exhibit 14**);
13. Copies of the Employer's Quarterly Federal Tax Form (IRS Form-941) and State Unemployment Compensation Report Form from 1999 to present (**Exhibit 15**);
14. A detailed description of the beneficiary's position (**Exhibit 16**);
15. The beneficiary's current physical address in the U.S is 12217 Sour Gum Court, Gainesville, VA 20155;
    The beneficiary has no residence abroad. His last residential address abroad is B-015, Juksan 2 cha, Suksoo 3 dong, Anyang, kyonggi-do, Korea.
    The beneficiary has supported himself by salary received from his employment with Shilla Bakery since the opening of the bakery in May 1999.
16. Experiment verification showing that the beneficiary has 2 years of experience (**Exhibit 17**);
    Please note that it has been more than 7 years since his last employment and the beneficiary does not have records of his pay statements.
17. The beneficiary's diploma (**Exhibit 18**);

BRAVERMAN & LIN, P.C.

4

27

18.     A notarized statement from the beneficiary certifying that the information listed on ETA-750, part B is correct (**Exhibit 19**); Updated ETA-750 Part B (**Exhibit 20**);

## DOCUMENTS TO ADDRESS THE USCIS' CONCERN SET FORTH IN THE REVOCATION NOTICE AND ADDITIONAL EVIDENCE

19.     Forensic expert opinion rendered by Hartford R. Kittel, J.D., Forensic Document Examiner, upon examination of the signatures on the labor certification application and sample signatures of Mr. Song Hun Yu, including those previously submitted to the USCIS in response to the notice of intent to revoke the I-140 petition (**Exhibit 21**);

20.     Letter from the petitioner to the USCIS requesting to withdraw all I-140 visa petitions filed by the petitioner, except the I-140 filed on behalf of the beneficiary, to address the USCIS' concern regarding the petitioner's financial ability to pay the proffered wage (**Exhibit 22**);

21.     Letters from the petitioner's vendors verifying that the beneficiary has worked at Shilla Bakery since 1999 (**Exhibit 23**); and

22.     Notarized Statement from Steven Y. Lee verifying that there was neither fraudulent facts nor documents presented in the ETA-750 labor certification application and the I-140 visa petition (**Exhibit 24**).

The above listed evidence, in addition to those previously submitted, clearly show that the ETA-750 labor certification and I-140 immigrant visa petition are genuine, the job offer is bona fide, the petitioner has the financial ability to pay the proffered wage, and that the beneficiary has the necessary qualifications for the position.  We respectfully request your office to grant this motion to reopen and reconsider, examine the evidence, and re-approve the petition.

Respectfully Submitted,

BRAVERMAN & LIN, P.C.,

By:  Michael W. Lin

5

# EXHIBIT 9

29

# BRAVERMAN & LIN, P.C.

STANTON BRAVERMAN, EXT. 584*
(ADMITTED TO VA & DC ONLY)

MICHAEL W. LIN, EXT. 585*
(ADMITTED TO MD & DC ONLY)

NADIA EZZELARAB, EXT. 586*
(ADMITTED TO NY ONLY)

THU A. HA, EXT. 589*
(ADMITTED TO VA & NJ ONLY)

LUCIA B. GARRETT, EXT. 580*
(ADMITTED TO NY ONLY)

*All attorneys are authorized to handle
immigration cases throughout the U.S.

ATTORNEYS AT LAW
SUITE 222
4001 NORTH NINTH STREET
ARLINGTON, VIRGINIA 22203-1947
(703) 243-1474
(800) 237-8331
FACSIMILE (703) 243-1494

CHARLOTTESVILLE IMMIGRATION
LAW CENTER
226 DOUGLAS AVENUE
CHARLOTTESVILLE, VA 22902
(800) 237-8331

May 22, 2006

**VIA FEDEX**
U.S. Citizenship and Immigration Services
Nebraska Service Center
850 S Street
PO Box 87140
Lincoln, NE 68508

## SUBMISSION OF I-140 VISA PETITION

Petitioner:    Shilla Bakery, LLC
Beneficiary:  Young Bo NA
              A98-226-127

Dear Sir or Madam:

Shilla Bakery, LLC, by and through counsel, hereby submits this I-140 immigrant visa petition on behalf of Young Bo Na.  Please be advised that the petitioner has previously filed an I-140 petition on behalf of the beneficiary (EAC-00-107-51530).  Set forth below is a brief history of the case.

Shilla Bakery was established in May 1999 in Annandale, Virginia.  The up-scale bakery offers unique and distinguished Korean, Japanese and other Asian-based baked goods and has become a very popular establishment in the Asian community in Washington DC area.  After seven year of operation, Shilla Bakery now has five (5) stores and is working on its sixth location.

The beneficiary, Mr. Young Bo Na, is a native and citizen of Korea.  Prior to coming to the United States, Mr. Bo was the owner of Montblanc Bakery in Korea which offered Korean, Japanese and other Asian style baked goods and pastries.  In addition, he worked as a Head Baker at Shilla Hotel, one of the largest and most well-known hotel in Korea, for more than four years.

On October 12, 1999, the petitioner filed an ETA-750, Application for Alien Labor Certification on behalf of the beneficiary, and the application was subsequently

30

certified by the US Department of Labor. On February 22, 2000 an I-140 Immigrant Petition for Alien Worker was filed by the petitioner on behalf of the beneficiary. On August 23, 2000 the USCIS issued a request for additional evidence requesting proof of the employer's ability to pay the proffered wage. The petitioner's counsel at that time submitted a response and the case was denied. The petitioner retained a second counsel to file an appeal with the Administrative Appeal Office ("AAO") and the appeal was sustained on March 25, 2002. Thereafter, a third counsel was retained to file Forms I-485 Application for Adjustment of Status on behalf of the beneficiary and his family.

On May 10, 2004, the USCIS issued a notice of intent to revoke the approved I-140 visa petition. (**Exhibit 1**) This intent to revoke was based on the first counsel, i.e. Steven Y. Lee and/or Jordan N. Baker's conviction of criminal counts of money laundering and/or conspiracy to commit immigration fraud. On July 15, 2005, the USCIS issued a decision revoking the approval of the I-140 petition, alleging the following:

- the notarized signature submitted for Song Hun Yu bears little resemblance to the signature on the original labor certification;
- the petitioner failed to submit a notarized statement from the beneficiary and a new ETA-750 Part B completed and signed by the beneficiary, therefore failed to provide corroborating documentation of the information initially supplied or evidence of the beneficiary's own signature;
- the petitioner failed to submit evidence of wages paid to the beneficiary from his former job to verify his experience; and
- the evidence does not establish that the petitioner had the ability to pay the proffered wage.

**Subsequent to the USCIS' notice of revocation of the I-140 petition, the petitioner's then counsel filed an appeal to the AAO. However, the notice of appeal and supporting documents were sent to the wrong office (i.e. AAO office in Washington DC instead of the appropriate office at the Nebraska Service Center. See Exhibit 2).** The I-485 applications were subsequently denied and the beneficiary and his family were placed in removal proceedings before the U.S. Immigration Court in Arlington, Virginia.

**A fourth counsel was retained to represent the petitioner, the beneficiary and his family. On January 18, 2006 the counsel filed a Motion to Reopen/Reconsider with the USCIS. The Motion was denied because the counsel did not submit a form G-28 to enter his appearance as the attorney of record. [Exhibit 3]**

The beneficiary has been employed by the petitioner since the establishment of the business and he specializes in most of the offerings at the bakery. As the main baker for Shilla Bakery, the beneficiary is responsible for the overall production of the bakery's offerings. It will be virtually impossible for the petitioner to remain in business without the continuous services of the beneficiary. The petitioner hereby respectfully submits a new I-140 petition in behalf of the beneficiary.

31

## Request to reverse the invalidation of the labor certification

The USCIS noted in the I-140 revocation notice that "the Application for Alien Employment Certification (ETA-750) is invalidated pursuant to 20 CFR §656.30(d), as it has been determined by the Service that the Application was obtained by the use of fraud or willful misrepresentation." As shown by the evidence enclosed herewith, a portion of which have been previously submitted to the USCIS, there was no fraud or misrepresentation involved in the filing of the ETA-750 application and the I-140 petition. The ample evidence presenting to the USCIS in this case is sufficient to overcome the allegation of fraud or misrepresentation. The petitioner, therefore, respectfully requests the USCIS to reverse the invalidation of the labor certification.

In support of the petition, enclosed are the following:

1. Form G-28;
2. Form I-140;
3. Filing fee of $195;
4. Final Determination form the Department of Labor showing that the labor certification was certified on December 30, 1999;
5. Experience verification letters;
6. Copy of the beneficiary's diploma;
7. Copy of the beneficiary's recent pay statements, and 2004-2005 W-2 forms;
8. Copy of the petitioner's 1999-2005 income tax return (**Exhibit 1**);
9. Copy of the decision of the Office of Administrative Appeals, dated March 25, 2002, holding that the petitioner had established its ability to pay the proffered salary (**Exhibit 2**);
10. Copy of a letter from the petitioner to the USCIS requesting to withdraw all I-140 visa petitions filed by the petitioner, except the I-140 filed on behalf of the beneficiary (**Exhibit 3**).

In addition, to address the USCIS' concerns as set forth in the notice of intent to revoke the approval of the previous I-140 visa petition and in the revocation notice, please find enclosed the following additional information:

## INFORMATION REQUESTED IN THE NOTICE OF INTENT TO REVOKE I-140 PETITION

11. Notarized statements from the petitioner (**Exhibit 4**);
12. Sample signatures of Ji Hee Yu who signed the previous I-140 petition (**Exhibit 5**);
13. Sample signatures of Song Hun Yu who signed the ETA-750 application (**Exhibit 6**);
14. Physical address of the petitioner: 7039 Little River Turnpike, Annandale, VA 22003.
    Physical address of the beneficiary's intended employment: 7039 Little

32

River Turnpike, Annandale, VA 22003;

15. Copy of a current lease of the petitioner's facilities (**Exhibit 7**);
16. Current photographs of the inside and outside of the petitioner's facilities (**Exhibit 8**);
17. Phone directory page that contains the listing for the petitioner entity (**Exhibit 9**);
18. Copy of the petitioner's Articles of Organization (**Exhibit 10**);
19. Copies of the petitioner's US federal Corporate Tax Return for 1999-2005 (<u>See</u> **Exhibit 1**);
20. Evidence to show that the petitioner continues to conduct business, including current sales tax reports and invoices and receipts (**Exhibit 11**);
21. Current bank statements (**Exhibit 12**);
22. Organization chart for the petitioner, including names of employees, their positions, and a detailed description of each worker's duties (**Exhibit 13**);
23. Copies of W-2 forms for each worker on the chart for each year each individual was employed by the petitioner, along with a certification from the petitioner's Certified Public Accountant (**Exhibit 14**);
24. Copies of the Employer's Quarterly Federal Tax Form (IRS Form-941) and State Unemployment Compensation Report Form from 1999 to present (**Exhibit 15**);
25. A detailed description of the beneficiary's position (**Exhibit 16**);
26. The beneficiary's current physical address in the U.S is 12217 Sour Gum Court, Gainesville, VA 20155;
    The beneficiary has no residence abroad. His last residential address abroad is B-015, Juksan 2 cha, Suksoo 3 dong, Anyang, kyonggi-do, Korea.
    The beneficiary has supported himself by salary received from his employment with Shilla Bakery since the opening of the bakery in May 1999.
27. Experiment verification showing that the beneficiary has 2 years of experience (**Exhibit 17**);
    Please note that it has been more than 7 years since his last employment and the beneficiary does not have records of his pay statements.
28. The beneficiary's diploma (**Exhibit 18**);
29. A notarized statement from the beneficiary certifying that the information listed on ETA-750, part B is correct (**Exhibit 19**);
    Updated ETA-750 Part B (**Exhibit 20**);

## DOCUMENTS TO ADDRESS THE USCIS' CONCERN SET FORTH IN THE DENIAL NOTICE AND ADDITIONAL EVIDENCE

30. Forensic expert opinion rendered by Hartford R. Kittel, J.D., Forensic Document Examiner, upon examination of the signatures on the labor certification application and sample signatures of Mr. Song Hun Yu, including those previously submitted to the USCIS in response to the notice of intent to revoke the I-140 petition (**Exhibit 21**);

33

31. Letter from the petitioner to the USCIS requesting to withdraw all I-140 visa petitions filed by the petitioner, except the I-140 filed on behalf of the beneficiary, to address the USCIS' concern regarding the petitioner's financial ability to pay the proffered wage (**Exhibit 22**);

32. Letters from the petitioner's vendors verifying that the beneficiary has worked at Shilla Bakery since 1999 (**Exhibit 23**); and

33. Notarized Statement from Steven Y. Lee verifying that there was neither fraudulent facts nor documents presented in the ETA-750 labor certification application and the I-140 visa petition (**Exhibit 24**).

The above listed evidence, in addition to those previously submitted, clearly show that the previous ETA-750 labor certification and I-140 immigrant visa petition are genuine, that the job offer is bona fide, that the petitioner has the financial ability to pay the proffered wage, and that the beneficiary has the necessary qualifications for the position.

We respectfully request your office to favorably adjudicate and approve this I-140 petition.

Sincerely,

BRAVERMAN & LIN, P.C.,

By:  Michael W. Lin

Enclosures

May 3, 2006

**BY FEDERAL EXPRESS**
U.S. Citizenship and Immigration Services
Nebraska Service Center
850 S Street
PO Box 87140
Lincoln, NE 68508

## REQUEST TO WITHDRAW I-140 PETITIONS

Dear Sir or Madam:

     Shilla Bakery, LLC, hereby respectfully requests to withdraw all I-140 petitions we have filed, <u>except</u> the I-140 petition filed on behalf of Mr. Young Bo Na, A98-226-127. Please be advised that Shilla Bakery, LLC wishes to continue to sponsor Mr. Young Bo Na for permanent residency and fully intends to employ Mr. Na pursuant to the terms and conditions of the labor certification application once he receives his permanent resident status.

Sincerely,

SHILLA BAKERY, LLC.

Song Hun Yu
President

35

Department of Homeland Security
U.S. Citizenship and Immigration Services

OMB No. 1615-0015; Exp. 06-30-06

**I-140, Immigrant Petition for Alien Worker**

## START HERE - Please type or print in black ink.

**Part 1.  Information about the person or organization filing this petition.** If an individual is filing, use the top name line. Organizations should use the second line.

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name |
|---|---|---|
| | | |

Company or Organization Name
**Shilla Bakery, LLC**

Address: (Street Number and Name) — **7039 Little River Turpike**    Suite #

Attn:
**Song Hun Yu, President**

City **Annandale**    State/Province **VA**

Country **USA**    Zip/Postal Code **22003**

IRS Tax # **54-1972877**    Social Security # (if any) **N/A**    E-Mail Address (if any)

**Part 2.  Petition type.**

This petition is being filed for: (Check one)
a. ☐ An alien of extraordinary ability.
b. ☐ An outstanding professor or researcher.
c. ☐ A multinational executive or manager.
d. ☐ A member of the professions holding an advanced degree or an alien of exceptional ability (who is NOT seeking a National Interest Waiver).
e. ☒ A professional (at a minimum, possessing a bachelor's degree or a foreign degree equivalent to a U.S. bachelor's degree) or a skilled worker (requiring at least two years of specialized training or experience).
f. ☐ (Reserved.)
g. ☐ Any other worker (requiring less than two years of training or experience).
h. ☐ Soviet Scientist.
i. ☐ An alien applying for a National Interest Waiver (who IS a member of the professions holding an advanced degree or an alien of exceptional ability).

**Part 3.  Information about the person you are filing for.**

| Family Name (Last Name) | Given Name (First Name) | Full Middle Name |
|---|---|---|
| NA | Young | Bo |

Address: (Street Number and Name) **12217 Sour Gum Court**    Apt. #

C/O: (In Care Of)

City **Gainesville**    State/Province **VA**

Country **USA**    Zip/Postal Code **20155**    E-Mail Address (if any)

Daytime Phone # (with area/country code) **(703) 498-6421**    Date of Birth (mm/dd/yyyy) **10/14/1956**

City/Town/Village of Birth **Seoul**    State/Province of Birth    Country of Birth **Korea**

Country of Nationality/Citizenship **Korea**    A # (if any) **A98-226-127**    Social Security # (if any) **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**

If in the U.S.
Date of Arrival (mm/dd/yyyy) **10/12/2000**    I-94 # (Arrival/Departure Document) **371080894 08**
Current Nonimmigrant Status **Out of status**    Date Status Expires (mm/dd/yyyy) **04/11/2001**

### For USCIS Use Only

Returned / Receipt
Date
Date
Resubmitted
Date
Date
Reloc Sent
Date
Date
Reloc Rec'd
Date
Date

Classification:
☐ 203(b)(1)(A) Alien of Extraordinary Ability
☐ 203(b)(1)(B) Outstanding Professor or Researcher
☐ 203(b)(1)(C) Multi-National Executive or Manager
☐ 203(b)(2) Member of Professions w/Adv. Degree or Exceptional Ability
☐ 203(b)(3)(A)(i) Skilled Worker
☐ 203(b)(3)(A)(ii) Professional
☐ 203(b)(3)(A)(iii) Other Worker

Certification:
☐ National Interest Waiver (NIW)
☐ Schedule A, Group
☐ Schedule A, Group

Priority Date    Consulate

Concurrent Filing:
☐    I-485 filed concurrently.

Remarks

Action Block

To Be Completed By
Attorney or Representative, if any.
☒ Fill in box if G-28 is attached to represent the applicant.
ATTY State License #

Form I-140 (Rev. 10/26/05)Y

36

## Part 4.  Processing Information.

**1.** Please complete the following for the person named in **Part 3:** *(Check one)*

☐ Alien  will apply for a visa abroad at the American Embassy or Consulate at:

City _____     Foreign Country _____

☒ Alien  is in the United States and will apply for adjustment of status to that of lawful permanent resident.
Alien's country of current residence or, if now in the U.S., last permanent residence abroad.

> **B-015, Juksan 2 cha, Suksoo 3 dong, Anyang, Kyonggi-do, Korea**

**2.** If you provided a U.S. address in **Part 3,** print the person's foreign address:

> **B-015, Juksan 2 cha, Suksoo 3 dong, Anyang, kyonggi-do, Korea**

**3.** If the person's native alphabet is other than Roman letters, write the person's foreign name and address in the native alphabet:

_____

**4.** Are any other petition(s) or application(s) being filed with this Form I-140?    ☒ No    ☐ Yes-(check all that apply)    ☐ Form I-485   ☐ Form I-765   ☐ Form I-131   ☐ Other - attach an explanation.

**5.** Is the person you are filing for in removal proceedings?    ☐ No    ☒ Yes-attach an explanation.

**6.** Has any immigrant visa petition ever been filed by or on behalf of this person?    ☐ No    ☒ Yes-attach an explanation.

If you answered yes to any of these questions, please provide the case number, office location, date of decision and disposition of the decision on a separate sheet(s) of paper.

## Part 5.  Additional information about the petitioner.

**1.** Type of petitioner *(Check one)*

☒ Employer    ☐ Self    ☐ Other (Explain, e.g., Permanent Resident, U.S. Citizen or any other person filing on behalf of the alien.)

_____

**2.** If a company, give the following:

| Type of Business | Date Established *(mm/dd/yyyy)* | Current Number of Employees |
|---|---|---|
| **Bakery** | **10/5/1999** | **34** |

| Gross Annual Income | Net Annual Income | NAICS Code |
|---|---|---|
| **$1,462,883 (2005)** | **$115,496 (2005)** | 3  1  1  8  1  2 |

DOL/ETA Case Number    **P1999-VA-03327002**

**3.** If an individual, give the following:

Occupation _____     Annual Income _____

## Part 6.  Basic information about the proposed employment.

**1.** Job Title    **Bakery**

**2.** SOC Code    5  1 — 3  0  1  1

**3.** Nontechnical Description of Job

> **Prepare all baking ingredients and baking goods to bake pastries, bread, and other banked goods according to the accepted Korean, Japanese, and other Asian style standard using proven knowledge and proficiency.**

**4.** Address where the person will work if different from address in **Part 1.**

_____

**5.** Is this a full-time position?    ☒ Yes    ☐ No

**6.** If the answer to **Number 5** is "No," how many hours per week for the position?

_____

**7.** Is this a permanent position?    ☒ Yes    ☐ No

**8.** Is this a new position?    ☐ Yes    ☒ No

**9.** Wages per week    $ **459**

37

## Part 7.  Information on spouse and all children of the person for whom you are filing.

List husband/wife and all children related to the individual for whom the petition is being filed. Provide an attachment of additional family members, if needed.

| Name *(First/Middle/Last)* | Relationship | Date of Birth *(mm/dd/yyyy)* | Country of Birth |
|---|---|---|---|
| Pil Ja NA | Wife | 01/08/1960 | Korea |
| Hye Young NA | Daughter | 07/04/1983 | Korea |
| Kyung Eun NA | Son | 10/28/1987 | Korea |
| | | | |
| | | | |
| | | | |

## Part 8.  Signature.    *Read the information on penalties in the instructions before completing this section. If someone helped you prepare this petition, he or she must complete* **Part  9.**

I certify, under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted with it are all true and correct.  I authorize the U.S. Citizenship and Immigration Services to release to other government agencies any information from my USCIS (or former INS) records, if the USCIS determines that such action is necessary to determine eligibility for the benefit sought.

| Petitioner's Signature | Daytime Phone Number *(Area/Country Code)* | E-mail Address |
|---|---|---|
| | (703) 333-2001 | |

| Print Name | Date *(mm/dd/yyyy)* |
|---|---|
| Song Hun Yu, President | 5/8/2006 |

**NOTE:** *If you do not fully complete this form or fail to submit the required documents listed in the instructions, a final decision on your petition may be delayed or the petition may be denied.*

## Part 9.  Signature of person preparing form, if other than  above.    *(Sign below)*

I declare that I prepared this petition at the request of the above person and it is based on all information of which I have knowledge.

Attorney or Representative: In the event of a Request for Evidence (RFE) may the USCIS contact you by Fax or E-mail?  ☒ Yes   ☐ No

| Signature | Print Name | Date *(mm/dd/yyyy)* |
|---|---|---|
| | Michael W. Lin | 5/24/06 |

| Firm Name and Address |
|---|
| BRAVERMAN & LIN, P.C.  4001 North 9th Street, Suite 222 Arlington, VA 22203 |

| Daytime Phone Number *(Area/Country Code)* | Fax Number *(Area/Country Code)* | E-mail Address |
|---|---|---|
| (703) 243-1474 | (703) 243-1494 | ml@ocho.com |

38

# EXHIBIT 10

39

U.S. Department of Homeland Security
P.O. Box 82521
Lincoln, NE 68501-2521

JUL 2 8 2006



**U.S. Citizenship
and Immigration
Services**

Refer to File Number:
EAC0010751530 (I-140)   LIN0616852053 (Motion)   A98226127

SHILLA BAKERY LLC
C/O MICHAEL W LIN
BRAVERMAN & LIN PC
4001 NORTH 9TH STREET SUITE 222
ARLINGTON VA 22203

Dear Sir or Madam:

Case Type:  Form I-140, Immigrant Petition for Alien Worker
Beneficiary: Young Bo NA

## DECISION

Reference is made to your Motion to Reopen filed on May 26, 2006. You seek to reopen the decision
rendered by this Service on September 9, 2004, revoking the Immigrant Petition for Alien Worker, Form I-
140, filed by you on February 22, 2000. The initial revocation was issued on September 9, 2004 to an
incorrect attorney and was reissued by the Service on July 15, 2005. A prior motion, LIN-06-069-51976, was
filed by Fitzgerald Lewis, Esq. of the Law Office of Lewis and Associates on January 18, 2006, but the
motion was dismissed on March 31, 2006 as Mr. Lewis did not submit a properly completed G-28 and was
not an affected party in the proceeding. This Service received this motion on May 26, 2006.

Title 8, Code of Federal Regulations, part 103.5 states in pertinent part:

> Any motion to reopen a proceeding before the Service filed by an applicant or petitioner, must be
> filed within 30 days of the decision that the motion seeks to reopen, except that failure to file before
> this period expires, may be excused in the discretion of the Service where it is demonstrated that the
> delay was reasonable and was beyond the control of the applicant or petitioner.

Your motion was received untimely and you have given no excusable reason for the delay. While the motion
references various "ineffective" counsel arguments, and the record demonstrates that you have been
represented by no less than four different law firms since the filing of this petition in 2000, there is no
explanation of the delay between the motion dismissal on March 31, 2006 and the filing of this motion nearly
two months later on May 26, 2006. Therefore, your motion is rejected.

Beyond this, the Service also notes that the labor certification supporting this petition has already been
invalidated. As such, the petition is not supported by a valid labor certification and is not granted appellate
rights. Further, Title 20, Code of Federal Regulations, Part 656 governing Department of Labor and labor
certifications contains no provision for the reversal of a decision to invalidate a labor certification or to
revalidate a labor certification. While you are requesting that the Service "reverse the invalidation of the

40

SHILLA BAKERY LLC
Page 2

labor certification," the Service has no such authority to reverse the invalidation. As such, the petition is not supported by a certification of the Secretary of Labor and cannot be approved.

Sincerely,

*F. Gerard Heinauer*

F. Gerard Heinauer
Acting Director

NSC/KFN001

AUG 0 3 2006

41

**CIVIL COVER SHEET**

JS-44
(Rev.1/05 DC)

| | |
|---|---|
| **I (a) PLAINTIFFS**<br>Shilla Bakery, LLC | **DEFENDANTS**<br>Emilio Gonzales, Director USCIS<br>F. Gerald Heinauer, Acting Director, Nebraska SC |
| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>(EXCEPT IN U.S. PLAINTIFF CASES)    Fairfax,VA 88888 | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)    Washington DC<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>BRAVERMAN & LIN, P.C.<br>4001 North 9th Street, Suite 222<br>Arlington, VA 22203<br>(703) 243-1474 | ATTORNEYS (IF KNOWN) |

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ◉ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE an x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**◉ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**
Any nature of suit from any category may be selected for this category of case assignment.
*(If Antitrust, then A governs)*

**○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○  **G.  *Habeas Corpus/ 2255*** | ○  **H.  *Employment Discrimination*** | ○  **I.  *FOIA/PRIVACY ACT*** | ○  **J.  *Student Loan*** |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General**<br>☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment** (criteria: race, gender/sex, national origin, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions** (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| ○  **K.  *Labor/ERISA (non-employment)*** | ○  **L.  *Other Civil Rights (non-employment)*** | ○  **M.  *Contract*** | ○  **N.  *Three-Judge Court*** |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **730 Labor/Mgmt. Reporting & Disclosure Act**<br>☐ **740 Labor Railway Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **444 Welfare**<br>☐ **440 Other Civil Rights**<br>☐ **445 American w/Disabilities-Employment**<br>☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment & Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

◉ **1 Original Proceeding**  ○ **2 Removed from State Court**  ○ **3 Remanded from Appellate Court**  ○ **4 Reinstated or Reopened**  ○ **5 Transferred from another district (specify)**  ○ **6 Multi district Litigation**  ○ **7 Appeal to District Judge from Mag. Judge**

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 USC Section 1331; 5 USC Section 702; 28 USC Section 1391. The Defendants improperly denied Plaintiff's I-140 visa petition and right to appeal.

| **VII.  REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☐   NO ☐ |

**VIII.  RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  *10/6/06*        SIGNATURE OF ATTORNEY OF RECORD  _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint.  You may select only one category.  You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.