UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHILLA BAKERY, LLC<br>7039 Little River Turnpike<br>Annandale, Virginia   22003<br><br>                    Plaintiff,<br>        v.<br><br>UNITED STATES CITIZENSHIP &<br>    IMMIGRATION SERVICES<br>20 Massachusetts Avenue, N.W.<br>Washington, D.C.   20529<br><br>        and<br><br>NEBRASKA SERVICE CENTER<br>UNITED STATES CITIZENSHIP &<br>    IMMIGRATION SERVICES<br>805 S. Street<br>Lincoln, Nebraska   68508<br><br>                    Defendants. | Civil Action No.  06-1738 (RMC) |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure 12(b)(1), and 12(b)(6), and 12(h)(3), Defendants, both components of the United States Department of Homeland Security, respectfully move to dismiss the above-captioned matter for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.  A memorandum in support of this motion and a proposed order are attached.

Dated: January 26, 2007              Respectfully submitted,


                                     /s/
                                     JEFFREY A. TAYLOR, D.C. BAR # 498610
                                     United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


/s/
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7220
megan.rose@usdoj.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHILLA BAKERY, LLC )<br>7039 Little River Turnpike )<br>Annandale, Virginia  22003 )<br>)<br>                      Plaintiff, )<br>    v. )<br>)<br>UNITED STATES CITIZENSHIP & )<br>   IMMIGRATION SERVICES )<br>20 Massachusetts Avenue, N.W. )<br>Washington, D.C.  20529 )<br>)<br>        and )<br>)<br>NEBRASKA SERVICE CENTER )<br>UNITED STATES CITIZENSHIP & )<br>   IMMIGRATION SERVICES )<br>805 S. Street )<br>Lincoln, Nebraska  68508 )<br>)<br>                     Defendants. )<br>_____) | Civil Action No.  06-1738 (RMC) |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

Defendants, both components of the United States Department of Homeland Security,[1] by and through the undersigned counsel, respectfully move this Court for dismissal of this matter pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 12(h)(3).

Plaintiff Shilla Bakery, LLC, brought the above-captioned action, alleging wrongful revocation of a previously approved Form I-140 (immigrant visa petition for alien worker or "green card" petition) that it filed on behalf of Young Bo NA ("Mr. Na"). See generally Compl.  Plaintiff also challenges the denial of its second Form I-140 visa petition, which was denied as a

---

[1] Hereinafter, this memorandum will refer to both components as Defendant U.S. Department of Homeland Security.

consequence of the first petition having been revoked for fraud. Id.[2] For the reasons set forth below, Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

## BACKGROUND

By way of background, there are three steps involved in the employment-based immigration process. First, a petitioner must meet the requirements for labor certification, a process that generally involves a finding by the Secretary of Labor that the employer advertised a certain position, but that no qualified U.S. worker was able and willing to take the job, and a finding that employing a foreign worker in the job as advertised will not adversely affect the wages and working conditions of workers in the United States who are similarly employed. See 8 U.S.C. 1182(a)(5)(A)(i). Second, after a labor certification is issued, it is then subject to invalidation by USCIS or the Department of State upon a determination, made in accordance with those agencies' procedures, that the labor certification involved fraud or willful misrepresentation of a material fact. See 20 C.F.R. 656.30(d).

Finally, the third step in the employment-based immigration process, which is not relevant here, involves the alien worker's application for an immigrant visa abroad with the U.S. Department of State, or for aliens in the United States, filing Form I-485 application in order to adjust status to that of a lawful permanent resident (immigrant or "green card holder"). During the adjustment of status process the alien must demonstrate, among other things, that a Form I-140 visa petition has been approved, that visa number (based on the priority date established by the filing of the labor

---

[2] Plaintiff's complaint claims that the Court maintains jurisdiction pursuant to 28 U.S.C. § 1331 and the Administrative Procedure Act (APA), 5 U.S.C. § 702. Compl. ¶ 5. Plaintiff's prayer for relief includes a request that the Court reverse Defendant's decisions and "approve the I-140 petitions." Id. ¶ 29.

certification) is available under various worker category and per-country annual quotas, and that the alien is not inadmissible to the United States under several statutory grounds of inadmissibility that include medical problems, criminal behavior, and immigration violations. 8 U.S.C. 1255(a)-(c), 8 U.S.C. 1182(a).

In this case, Plaintiff's claims center around Mr. Young Bo NA ("Mr. Na"), who is a fifty-year-old native and citizen of Korea, and not a named Plaintiff in this action. See Plaintiff's Complaint ("Compl."), Exhibit 9 (pg. 36). Mr. Na came to the United States as a temporary nonimmigrant visitor for pleasure on October 12, 2000, and was authorized to remain until April 11, 2001. He remained in the United States after his status expired. Id.

On October 12, 1999, Plaintiff, Shilla Bakery, LLC, through counsel Steven Lee, filed Form ETA-750 with the United States Department of Labor for labor certification, seeking to fill a baker position by employing Mr. Na. Compl. ¶ 10; Exhibit 2 (pg. 5). On December 30, 1999, the Department of Labor certified Plaintiff's baker position. Compl. ¶ 11; Exhibit 2 (pg. 5).

On February 22, 2000, Plaintiff initiated the second step in the employment-based immigration process by filing Form I-140, Immigrant (or "green card holder") Petition for Alien Worker,[3] with the United States Citizenship and Immigration Service ("USCIS"). Compl. ¶ 12. The I-140 visa petition was approved by USCIS on or about March 25, 2002. Compl. ¶ 14; Exhibit 3 (pgs. 7-8).

In October 2003, Plaintiff's counsel, Steven Lee, was indicted and convicted of conspiracy to

---

[3] In order to submit Form I-140 for a "skilled worker" position, like Plaintiff's baker job, the I-140 must be accompanied by an approved labor certification, a job offer to the alien, evidence that the proposed alien worker (Mr. Na) is qualified for the position by meeting the education, training or experience requirements of the labor certification (a minimum of 2 years training or experience), and evidence that the prospective United States employer has the ability to pay the wage offered. See 8 C.F.R. 204.5(a)(2), (g)(2), and 204.5(l)(3).

3

commit immigration fraud and money laundering.  Compl. ¶ 15; Exhibit 4 (pg. 10); USA v Lee, 1:03-CR-501 (E.D. Va.).  Due to the nature of the labor certification fraud involved in the Lee conviction, USCIS began proceedings on May 10, 2004, to revoke, on notice, the approval of the I-140 visa petition filed by Plaintiff on behalf of Mr. Na.  Compl. ¶ 15; Exhibit 4 (pgs 10-12).  After reviewing the evidence provided in Plaintiff's response to the notice of intent to revoke, on July 15, 2005, USCIS revoked the approval of Plaintiff's I-140 visa petition.  Compl. ¶ 16; Exhibit 5 (pgs. 14-16).  The final revocation notice included a finding by USCIS that the labor certification was obtained through fraud or willful misrepresentation.  Id.  Thus, as part of the revocation process, USCIS invalidated the labor certification.  Id.; see also 20 C.F.R. 656.30(d).

On May 26, 2006, Plaintiff filed both a motion to reopen the revocation proceedings and a second Form I-140 visa petition on behalf of Mr. Na.  Compl. ¶¶ 20-22.  Instead of presenting a new labor certification, Plaintiff attempted to use the previously invalidated labor certification.  Id.  On July 28, 2006, USCIS denied Plaintiff's untimely motion to reopen the revocation proceedings and denied Plaintiff's second Form I-140 because it was not accompanied by a valid labor certification as required by law.  Compl. ¶¶ 23-24; Exhibit 1 (pgs 2-3); Exhibit 10 (pgs 40-41).

On October 10, 2006, Plaintiff filed the instant complaint in this Court, seeking reversal of the USCIS decisions and requesting that the Court approve Plaintiff's I-140 petitions.  Compl. ¶ 29.

## STANDARD OF REVIEW

Defendant moves for dismissal under Rule 12(b)(1) as the Court lacks jurisdiction over Plaintiff's claims, and Rule 12(b)(6) as Plaintiff fails to state any claim upon which relief can be granted.

A motion under Rule 12(b)(1) "calls into question the court's power to hear the plaintiff's claim . . . and therefore imposes upon courts an affirmative obligation to ensure that they are acting

within the scope of their jurisdictional power." 5A Wright & Miller, *Federal Practice & Procedure* 2d § 1350; see also District of Columbia Retirement Bd. v. United States, 657 F. Supp. 428, 431 (D.D.C. 1987).  When a court reviews a complaint under factual attack for lack of jurisdiction, no presumption of truthfulness applies to the factual allegations.  Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320 (6th Cir.1990).  The burden of establishing jurisdiction rests on the plaintiff. Zhengxing v. Nathanson, 215 F. Supp. 2d 114, 116 (D.D.C. 2002) (citations omitted);  Thompson v. Capitol Police Board, 120 F. Supp.2d 78, 81 (D.D.C. 2000);  see also Meir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266 (6th Cir.1990).

While the court must draw all reasonable inferences in the plaintiff's favor, "[t]he court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations."  Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001), aff'd, 346 F.3d 192 (D.C. Cir. 2004), cert. denied, 125 S. Ct. 35 (2004).  In addition, in deciding a motion under Rule 12(b)(1), the Court may go beyond the complaint's allegations.  Id. (citing Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992)).  "When facts that form the basis of subject-matter jurisdiction are in controversy, a district court has authority to weigh the conflicting evidence to determine if subject-matter jurisdiction exists."  Capone-Ferdinand v. Central Intelligence Agency, 131 F. Supp. 2d 232, 235 (D.D.C. 2001); see also Rann, 154 F. Supp.2d at 64.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).  As under Rule 12(b)(1), while the plaintiff is given the benefit of all inferences that reasonably can be derived from the facts alleged in the complaint, the court need not accept inferences that are not supported by such facts, nor must the court accept plaintiff's legal

conclusions cast in the form of factual allegations.  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## ARGUMENT

The Court lacks subject matter jurisdiction over both the discretionary revocation of Plaintiff's visa petition and the denial of Plaintiff's untimely filed motion to reopen revocation proceedings.  Furthermore, even if this Court had jurisdiction over any of Plaintiff's claims, Plaintiff fails to state a claim upon which this Court could grant relief.

Plaintiff claims that the Court entertains jurisdiction of this action pursuant to 28 U.S.C. § 1331 and apparently seeks relief pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.  Compl. ¶ 5.  However, subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, does not constitute a waiver of sovereign immunity.  Section 1331 creates no substantive rights that may be enforced against the federal government.  See Navy, Marshall & Gordon, P.C. v. United States Int'l Development-Cooperation Agency, 557 F.Supp. 484, 488 (D.D.C. 1983); see also Hagemeier v. Block, 806 F.2d 197, 202-03 (8th Cir. 1986).  Similarly, the APA does not independently vest jurisdiction over the Department of Homeland Security in this Court.  See Califano v. Sanders, 430 U.S. 99, 105 (1977).[4]

Additionally, although not specifically cited in Plaintiff's Complaint, the Mandamus Act, 28 U.S.C. § 1361, does not vest this Court with jurisdiction over the Department of Homeland

---

[4] The APA only permits judicial review of final agency action if judicial review is not precluded by statute or the particular agency action is not committed to agency discretion by law. See Motorola, Inc. v. Perry, 917 F.Supp. 43, 48 (D.D.C. 1996).  In this case, 28 U.S.C. § 1331 in conjunction with the APA does not vest this court with jurisdiction because, as set forth in this memorandum, the INA, as amended May 11, 2005 by the "Real ID Act", confers upon the Attorney General and the Secretary of the Department of Homeland Security the authority to grant or deny admission of aliens.  8 U.S.C. § 1252 (as amended by Pub. L. 109-13, May 11, 2005, 119 Stat 231).

Security. Section 1361 provides that "[T]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is "an extraordinary remedy to be reserved for extraordinary situations." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988); Cobell v. Norton, 334 F.3d 1128, 1137 (D.C. Cir. 2003). To meet the mandamus standard, there must be: 1) a clear right to relief; 2) a plainly defined and nondiscretionary duty on the part of the defendant; and 3) no other adequate remedy available. Gilbert Equipment Co. v. Higgins, 709 F. Supp. 1071, 1089 (S.D. Ala. 1989); see also Ganem v. Heckler, 746 F.2d. 844, 852 (D.C. Cir. 1984) (citing United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 543 (1937)); Whittle v. Moschella, 756 F. Supp. 589, 596 (D.D.C. 1991).

Here, although not explicitly stated, it appears that Plaintiff may be requesting that this Court issue a writ of mandamus ordering Defendant to reverse its decisions and adjust Mr. Na's status by granting him an alien worker visa. However, Plaintiff has no clear right to any such relief, and Defendant owes no plainly defined or nondiscretionary duty to Plaintiff.

Most importantly, 8 U.S.C. 1252(a)(2)(B)(ii) provides that "[n]otwithstanding any other provision of law," no court shall have jurisdiction to review any "decision or action of the Attorney General the authority for which is specified under [subchapter 2 of chapter 12 of 8 U.S.C., sections 1151-1379] to be in the discretion of the Attorney General, other than the granting of relief under section 1158(a) of this title [asylum]." 8 U.S.C. 1252(a)(2)(B)(ii). On May 11, 2005, Congress amended 8 U.S.C. 1252(a)(2)(B)(ii) to clarify that the provision barring judicial review of denials of discretionary relief applies regardless of whether the discretionary judgment, decision, or action is made in removal proceedings. See section 101(f), REAL ID Act of 2005, Pub. L. 109-13, Div. B, 119 Stat. 231; see also House Conference Report 109-72 at 170 (May 3, 2005). The REAL ID Act

7

also added reference to the Secretary of Homeland Security consistent with the reorganization of INS (under the Attorney General and U.S. Department of Justice) into USCIS (under the Department of Homeland Security). Id. Accordingly, the current statute states as follows:

> (B) Denials of discretionary relief
>
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review--
>
> (i) any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 of this title, or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. 1252(a)(2)(B).

Subsequent to the passage of the Real ID Act, the Court of Appeals recognized in Zhu v. Gonzales, 411 F.3d 292, 295 (D.C. Cir. 2005), the application of this jurisdictional bar beyond the removal context. In Zhu, the Court held that 8 U.S.C. 1252(a)(2)(B)(ii) precluded jurisdiction over a challenge to the Attorney General's decision to deny a waiver of labor certification requirements for a work visa. Zhu, 411 F.3d at 295. The Court stated that the explicit existence or absence of the word "discretion" in the considered statute is not dispositive. Id. at 294-95. Because the statute in that case permitted the Attorney General to waive labor certification for certain types of workers when he "deems" it to be in the national interest, the statute placed the determination in the "complete discretion" of the Attorney General. Id. at 295. Accordingly, the Court concluded that 8 U.S.C. 1252(a)(2)(B)(ii) barred judicial review of the agency's decision. Id.

Similar to Zhu, Plaintiff's employment-based Form I-140 visa petition was approved under

8

8 U.S.C. § 1154(a)(1)(F)("Any employer desiring and intending to employ within the United States an alien entitled to classification under 8 U.S.C. 203(b)(1)(B), (C), (2), or (3)[skilled workers] may file a petition with the Attorney General for such classification."). Pursuant to 8 U.S.C. § 1155, "[t]he Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." 8 U.S.C. § 1155. Thus, like Zhu, the revocation statute at issue here, 8 U.S.C. § 1155, places the determination in the discretion of the Attorney General and thus falls within the jurisdiction-stripping provisions of 8 U.S.C. 1252(a)(2)(B)(ii). See Zhu v. Gonzales, 411 F.3d at 295; see also Jilin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196, 199 (3d Cir. 2006)(holding that § 1155 confers upon the Secretary of Homeland Security the requisite discretion to preclude judicial review);[5] El-Khader v. Monica, 366 F.3d 562, 567, 569 (7th Cir. 2004)(holding that the court "lacked jurisdiction to review the Attorney General's discretionary decision to revoke the plaintiff's approved visa petition"). But see ANA Intern., Inc. v. Way, 393 F.3d 886, 894 (9th Cir. 2004)(because the text of § 1155 does not clearly state that revocation is discretionary and pre-REAL ID Act case law suggests that a visa may be revoked for "good and sufficient cause" when the evidence of record warrants a denial, visa revocations are not discretionary in that they are based on factual findings in a record).

The determination of "good and sufficient cause" is committed to the discretion of the

---

[5] In Jilin Pharm. USA, Inc. v. Chertoff, the Third Circuit concluded that 8 U.S.C. 1252(a)(2)(B)(ii) precluded review of a revocation under 8 U.S.C. § 1155 because: (a) the statute states the agency "may" (rather than "shall") revoke approval or a visa petition; (b) the statute states that approval may be revoked "at any time," which is language that "connotes a level of discretion," (c) the only arguable limit on discretion - the requirement of "good and sufficient cause" - was itself committed to the Secretary's discretion; and (d) the "cause" requirement, which petitioners asserted limited discretion, was "so subjective as to provide no meaningful legal standard." 447 F.3d at 203-05.

9

Attorney General because it lacks precise factual standards for this Court to review and is "highly subjective." 8 U.S.C. § 1155; Systronics Corp. v INS, 153 F.Supp.2d 7, 12 (D.D.C. 2001). The language of 8 U.S.C. § 1155 contains no evaluative factors for consideration and provides no basis for this Court to evaluate Defendant's actions. See id.; Zhu, 411 F.3d at 295; see also Heckler v. Chaney, 470 U.S. 821, 830 (1985)(when determining whether an action is committed to agency discretion, courts look to whether the applicable statutes and regulations are "drawn so that a court would have [a] meaningful standard against which to judge the agency's exercise of discretion"); Drake v. FAA, 291 F. 3d 59, 69 (D.C. Cir. 2002)(if no such "judicially manageable standards" are discernible, meaningful judicial review is impossible, and agency action is shielded from the scrutiny of the courts). Thus, the matter is in the discretion of the agency and precluded from judicial review under 8 U.S.C. 1252(a)(2)(B)(ii)). Id.

The Court lacks subject matter jurisdiction to review Defendant's discretionary decision to revoke Plaintiff's visa petition for what it deemed to be "good and sufficient cause." 8 U.S.C. 1252(a)(2)(B)(ii); Zhu v. Gonzales, 411 F.3d at 295; Systronics Corp. v INS, 153 F.Supp.2d at 12. Accordingly, it follows that the Court lacks jurisdiction to review the denial of a motion to reopen the revocation proceeding.

Regardless, even if this Court had jurisdiction to review Defendant's denial of Plaintiff's motion to reopen the revocation proceeding, the denial of the motion itself constitutes a discretionary decision not subject to review. The standard for motions in immigration proceedings, set forth at 8 C.F.R. 103.5(a)(1)(i), is that the agency "may, for proper cause shown" reopen a case or reconsider a prior decision upon proper filing of a timely motion (within 30 days of the decision). The regulation states that untimely filings "may be excused in the discretion of the Service where it is demonstrated that the delay was reasonable and was beyond the control of the applicant or

petitioner." 8 C.F.R. 103.5(a)(1)(i). This standard confers unfettered discretion on the agency and renders a decision to deny an untimely filing unreviewable under 8 U.S.C. § 1252(a)(2)(B)(ii). See, e.g., Mahida v U.S. Department of Homeland Security, 06-0185 (CKK), slip op. at 9, 11 (D.D.C., November 28, 2006)("It is crystal clear that requests for extension which "may be granted at the discretion of the Service" and untimely filings which "may be excused in the discretion of the Service" confer complete discretion upon the Attorney General and his delegates.").[6]

Finally, the Court similarly lacks jurisdiction over the denial of Plaintiff's second I-140 petition. In addition to all of the reasons stated above, approval of petitions for visas, issuance of visas, and the admission of aliens and nonimmigrants is a matter of agency discretion. The relevant statutory scheme set forth in 8 U.S.C. § 1101, et seq., permits the admission to the United States of any alien as a nonimmigrant "for such time and under such conditions as the Attorney General may by regulations prescribe." 8 U.S.C. § 1184. Defendant may grant or deny employment-based visa petitions and applications based upon the facts and circumstances of each case. See 8 U.S.C. § 1154; 8 C.F.R. § 204.5. Therefore, in this case, Defendant clearly has no duty to approve Plaintiff's petition or application, and any attempt for mandamus must fail. Indeed, a writ of mandamus is "reserved only for the most transparent violations of a clear duty to act." In re Bluewater Network & Ocean Advocates, 234 F.3d 1305, 1315 (D.C. Cir. 2000). For the reasons stated above, this

---

[6] Defendant additionally notes that the invalidation of the labor certification due to fraud, which followed from the revocation of Plaintiff's I-140 visa petition, is also discretionary and not subject to judicial review. Pursuant to 20 C.F.R. 656.30(d), a labor certification may be invalidated by USCIS or the Department of State upon a determination, made in accordance with those agencies' procedures, of fraud and willful misrepresentation. In this case, Defendant's decision to revoke the previously approved visa petition was based upon a finding of fraud and a separate finding on ability to pay. Accordingly, in conjunction with the finding of fraud, Defendant exercised its discretion and revoked Plaintiff's visa petition and invalidated the labor certification.

Court cannot issue the relief requested, including a writ of mandamus under 28 U.S.C. § 1361, effectively ordering Defendant to grant Plaintiff's visa petition.[7]

The Court should find that it lacks subject matter jurisdiction over Plaintiff's complaint. Pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii), the Court lacks subject matter jurisdiction to review Defendant's discretionary decisions concerning the revocation of Plaintiff's visa petition, the invalidation of the visa petition's underlying labor certification for fraud, the denial of an untimely motion to reopen, and the denial of a subsequent visa petition flowing from the previous invalidation of the labor certification.

## CONCLUSION

For all of the foregoing reasons, Defendant respectfully requests dismissal of Plaintiff's Complaint.

Dated: January 26, 2007          Respectfully submitted,


/s/
JEFFREY A. TAYLOR, D.C. BAR No. 498610
United States Attorney


/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

---

[7] Moreover, even if the Court had jurisdiction over the denial of Plaintiff's second I-140 petition, such a claim would fail because, pursuant to C.F.R. § 204.5(l)(3)(i), the petition "must be accompanied by an individual labor certification." Because Plaintiff presented only its prior invalid labor certification, Defendant appropriately denied the petition for failure to comply with the statutory and regulatory requirements. Compl., Exh. 1.

/s/_____
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
555 4th Street, N.W. - Civil Division
Washington, D.C.  20530
(202) 514-7220

## CERTIFICATE OF SERVICE

I certify that the foregoing **Motion To Dismiss** was served upon plaintiff pursuant to the Court's electronic filing system, addressed to:

>MICHAEL W. LIN
>Braverman & Lin, P.C.
>4001 North 9th Street
>Suite 222
>Arlington, Virginia 22203

on this  26th  day of December, 2007.

>_____
>MEGAN L. ROSE
>Assistant United States Attorney
>Judiciary Center Building - Civil Division
>555 4th Street, NW
>Washington, D.C. 20530

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHILLA BAKERY, LLC<br>7039 Little River Turnpike<br>Annandale, Virginia   22003<br><br>                    Plaintiff,<br>         v.<br><br>UNITED STATES CITIZENSHIP &<br>   IMMIGRATION SERVICES<br>20 Massachusetts Avenue, N.W.<br>Washington, D.C.   20529<br><br>         and<br><br>NEBRASKA SERVICE CENTER<br>UNITED STATES CITIZENSHIP &<br>   IMMIGRATION SERVICES<br>805 S. Street<br>Lincoln, Nebraska   68508<br><br>                    Defendants. | Civil Action No.  06-1738 (RMC) |

### **ORDER**

This matter having come before the Court on Defendant's Motion to Dismiss, the memoranda in support and opposition, and the entire record in this case, it is this _____ day of _____ hereby

ORDERED that Defendant's Motion is hereby GRANTED; and it is

FURTHER ORDERED that Plaintiff's claims are hereby DISMISSED in their entirety, with prejudice.

_____
United States District Judge