IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| Shilla Bakery, LLC<br>7039 Little River Turnpike<br>Annandale, Virginia 22003<br><br>               Plaintiff<br>v.<br><br>Emilio Gonzales<br>Director<br>United States Citizenship and<br>Immigration Services<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>F. Gerard Heinauer<br>Acting Director<br>Nebraska Service Center<br>United States Citizenship and<br>Immigration Services<br>805 S Street<br>Lincoln, NE 68508<br><br>               Defendants | Case No. 1:06-cv-01738-RMC |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiff Shilla Bakery, LLC, by and through the undersigned counsel, respectfully moves this Court for denial of the Defendants' Motion to Dismiss because the Court has jurisdiction over the subject matters.

    1.    **Plaintiff has demonstrated factual basis to support his claim entitling him to relief.**

Defendants assert that a motion to dismiss should be granted "if it is beyond doubt that a plaintiff can demonstrate no set of facts that supports his claim entitling him to relief." Memo. at 5. While Plaintiff bears the burden of establishing that the court has subject matter jurisdiction,

the Court must accept as true all the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. *See* Mawalla v. Chertoff, 468 F. Supp. 2d 177 (D.D.C 2007); *see also* Alexis v. District of Columbia, 44 F. Supp. 2d 331 (D.D.C 1999). In the instant case, Plaintiff has demonstrated sufficient factual basis to support his claim and his request for relief from the Court. Specifically, Plaintiff has demonstrated that the Defendants' denial of his I-140 immigrant visa petition for Mr. Young Bo Na is a violation of his due process, in that 1) the Defendants denied the visa petition solely on the ground that the labor certification which Plaintiff sought to use for supporting the visa petition has been invalidated by the Defendants and that the Defendants have no authority to reconsider its invalidation, Compl. ¶26, Exhibit 1; and 2) Defendants denied the Plaintiff the right to appeal the denial of the visa petition by citing a section of the law which no longer exists. Compl. ¶¶ 27 and 28, Exhibit 1.

In its prior decision dated July 15, 2005, Defendants determined that the labor certification "was obtained by the use of fraud or willful misrepresentation." Compl., Exhibit 5. It appears that the determination was made primarily based on the Defendants' conclusion that the plaintiff's notarized signature submitted pursuant to the Defendants' request bear little resemblance to the signature on the original labor certification. In addition, the Defendants also asserted that Plaintiff submitted only statements by Mr. Na's former employers to verify his experience and not evidence of wages paid to him by his former employers in Korea. Compl., Exhibit 5.

At the time of filing the second I-140 visa petition for Mr. Na on May 26, 2006, Plaintiff submitted sample signatures from the company officials who signed the labor certification application and the first I-140 petition, along with a forensic expert opinion to address the Defendants' concern that the original labor certification was not signed by the Plaintiff.

2

However, the Defendants did not review any evidence submitted, but claimed that they did not have the authority to reverse the invalidation of the labor certification and denied the Plaintiff of the right to appeal **citing an invalid authority**, namely 8 CFR 103.1(f)(3)(E)(iii) which no longer exists in the Code of Federal Regulations. Plaintiff was left with no recourses but filing this petition with this Court to seek relief, as authorized under 28 U.S.C. §1331 ("the district courts shall have original jurisdiction of all civil actions arising under the Constitution, law, or treaties of the United States") and 5 U.S.C §702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof").

2. **This Court has jurisdiction over I-140 immigrant visa petition matters.**

Defendants assert that this Court does not have subject matter in this case pursuant to 8 USC 1252(a)(2)(B), which provides as follows:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review—
> (i) any judgment regarding the granting of relief under section 1182 (h), 1182 (i), 1229b, 1229c, or 1255 of this title, or
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158 (a) of this title.

Contrary to the Defendants' claim in its motion to dismiss, a decision regarding an I-140 immigrant visa petition is not discretionary. Plaintiff is petitioning the Court to review the decision of the Defendants in which the Defendants denied the I-140 petition on the grounds that the labor certification has been invalidated and that the Defendants have no authority to revalidate the labor certification, and at the same time denied the Plaintiff of the right to appeal

3

by citing an invalid code section. Defendants confused the I-140 immigrant visa petition with the I-485 adjustment of status application. Defendants state in the memorandum in support of the motion to dismiss that "it appears that Plaintiff may be requesting that this Court issue a writ of mandamus ordering Defendant to reverse its decisions and adjust Mr. Na's status by granting him an alien worker visa." Memo. at 7. Plaintiff's Complaint does not request the Court to compel the government to make a decision on Mr. Na's application for adjustment of status to permanent resident. The essential issue before the Court is the Defendants' denial of the I-140 immigrant visa petition. In order for Mr. Na to adjust his status to permanent resident, he must file a separate I-485 adjustment of status application, once an I-140 visa petition for him has been approved. While a decision on an adjustment of status application is discretionary, a decision on an I-140 immigrant visa petition filed by an U.S. employer is not a matter of discretion. In fact, 8 CFR §204.5 clearly sets forth the standard for adjudication of I-140 immigrant visa petition.

In the alternative, assuming *arguendo* a decision on an I-140 visa petition is discretionary, under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), a federal court may set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. Further, this Court has held in <u>Mawalla v. Chertoff</u>, *supra*, that "jurisdiction-stripping provision in §1252 does not deprive federal courts of jurisdiction to review pure questions of law." The issues of Defendants' authority to invalidate the labor certification, whether the Defendants were correct in its refusal to reconsider its invalidation of the labor certification, and the Plaintiff's right to appeal the Defendants' denial of the visa petition are questions of law. Thus, the Court has subject matter jurisdiction in this case.

For the foregoing reasons, Plaintiff respectfully requests denial of Defendant's Motion to Dismiss.

Respectfully Submitted,

_____
Michael W. Lin, Esq.
BRAVERMAN & LIN, P.C.
4001 North Ninth Street, Suite 222
Arlington, Virginia 22203
Telephone: (703) 243-1474 Ext. 585
Fax: (703) 243-1494
DC Bar Number 485135

*Counsel for Plaintiff*

Dated: May 31, 2007

BRAVERMAN & LIN, P.C.

5

CERTIFICATE OF SERVICE

I certify that the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss was served upon the Defendants' counsel pursuant to the Court's electronic filing system on this 31st day May, 2007, addressed to:

Megan L. Rose
Assistant United States Attorney
Judicial Center Building – Civil Division
555 4th Street, NW
Washington, DC 20530

_____
Thu Ha
BRAVERMAN & LIN, P.C.
4001 North 9th Street
Suite 222
Arlington, VA 22203